Leonard R. Thibault, Romeo R. Thibault, Robert H. Thibault and the Federal Land Bank of Springfield v. Sylvester Vartuli, Flutrosa Vartuli and Antonia V. Billups Vartuli

[465 A.2d 248]

No. 82-306

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

*Bing, Bauer & Gravel,* Burlington, for Plaintiffs-Appellants.

*Harry L. Goetz,* Winooski, for Defendants-Appellees.

**Peck, J.** This is an appeal by plaintiffs from an order of the Chittenden Superior Court in which title to a disputed parcel of land in Colchester, Vermont, was awarded to defendants. Plaintiffs claim that the evidence offered at trial was insufficient to allow the court to conclude that defendants held record title and, in the alternative, that defendants held title acquired through adverse possession. We affirm.

The parcel of land in question is a six-acre plot adjacent to the Winooski River. Plaintiffs own a farm northwest of this plot, and the farm and the plot are separated by an old channel. The 1906 deed to a predecessor in title of plaintiffs describes the southern boundary of the farm as the Winooski River. Defendants hold record title to a piece of land described in their deed as "Pomeroy or Pearl Island" which their family bought in 1915. They claim that because of a change in the course of the river, Pomeroy Island is now a part of the mainland, but clearly identified nevertheless by the old channel,

that the six-acre disputed plot is actually Pomeroy Island and therefore they have title to it. The trial court found that the Winooski River probably changed course between 1887 and 1920, that Pomeroy Island is now a part of the mainland and is the disputed parcel, and that defendants have record title to it.

Defendants also presented evidence tending to show that, even if their record title was invalid, they had acquired title to the disputed parcel by adverse possession. Their family built a summer dwelling and two other buildings on it in the early 1920's, and an old cement foundation with the initials of one of the brothers of defendants carved into it still exists to show where the buildings were located. Defendants' family had a vegetable garden on the parcel annually from 1925 until the 1960's, and they still use the land for recreational activities every summer. Plaintiffs' immediate predecessors, who owned plaintiffs' farm for 40 years, believed that the land belonged to defendants and referred to the parcel as Vartuli Island. Defendants have always paid real estate taxes on the parcel.

█ The only issue presented for our consideration on appeal is whether the findings that defendants have title to the disputed land, by record title or by adverse possession, are supported by the evidence. The trial court made numerous and complete findings of fact to support its conclusion. Our standard of review in cases of this sort is that we will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. *Blanchard* v. *Villeneuve*, 142 Vt. 267, 269, 454 A.2d 1235, 1236 (1982); *Cliche* v. *Cliche*, 140 Vt. 540, 541, 442 A.2d 60, 61 (1982); V.R.C.P. 52. Applying this strict standard, plaintiff has not satisfied us that the findings should be set aside.

█ Our review of the record convinces us that, although there was a large amount of conflicting evidence, the findings of the court are adequately supported. As the trier of fact, the trial judge was free to accept or reject any of the testimony. The fact that he chose to accept the testimony of defendants' witnesses on the issues of record title and adverse possession

does not mandate reversal. It was a matter of judicial discretion properly exercised.

■ There was ample evidence to support the finding that defendants hold record title to the disputed parcel. The deeds in the chains of title of both defendants and plaintiffs were admitted, as was the testimony of surveyors and of the parties themselves. There was evidence that the course of the river had changed, and, by coupling this evidence with a careful review of the deeds, the court was able to determine that Pomeroy Island was separated from the mainland by the channel which was the former course of the Winooski River. The court then properly concluded that defendants own the disputed parcel since it is Pomeroy Island and that the boundary of plaintiffs' farm is the old river channel.

■■ Additionally, there was ample evidence to support the court's alternate finding that defendants also own the disputed parcel by adverse possession should their record title fail. The test for adverse possession is that the possession must be "open, notorious, hostile and continuous for the full statutory period of fifteen years." *Darling* v. *Ennis,* 138 Vt. 311, 313, 415 A.2d 228, 230 (1980) (quoting *Laird Properties New England Land Syndicate* v. *Mad River Corp.,* 131 Vt. 268, 277, 305 A.2d 562, 567 (1973)) ; 12 V.S.A. § 501. Here, the evidence of the vegetable garden on the parcel every summer from 1925 until the 1960's and the building located there from 1925 until the early 1940's clearly establish defendants' possession of the land in accordance with above criteria for the full statutory period. Thus, the court did not err in concluding that defendants could also claim title to the disputed parcel by adverse possession.

*Affirmed.*