# Dennis J. Solomon, et al. v. Atlantis Development, Inc., et al.

[483 A.2d 253]

No. 403-81

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed August 31, 1984

*Cheney & Brock, P.C.,* Montpelier, for Plaintiff-Appellant Meledones.

*Dennis J. Solomon,* pro se, Newton Center, Massachusetts, Plaintiff-Appellant.

*Robert A. Mello* and *James W. Runcie* of *Downs Rachlin & Martin,* Burlington, for Defendants-Appellees.

## On Motion for Reargument

**Hill, J.** This opinion concerns the applicability of *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983), to cases tried prior to *Soucy.* We hold that *Soucy* applies prospectively only, and therefore strike our order remanding this case for a new trial.

The procedural history of this case is as follows. The plaintiffs filed a complaint in superior court against the defendants, alleging breach of fiduciary duty and fraud. The relief sought by the plaintiffs included the equitable remedies of rescission and an accounting. The case was tried in 1980 before a presiding judge and two assistant judges; the trial lasted almost three weeks. The trial court entered its final judgment in the case on May 27, 1981. A week later, on June 2, 1981, this Court decided *Pockette* v. *LaDuke,* 139 Vt. 625, 432 A.2d 1191 (1981), holding that a superior court composed of a presiding judge and two assistant judges did not have jurisdiction to hear a case involving an equitable matter.

In November of 1981, the plaintiffs-appellants asked this Court to suspend the Rules of Appellate Procedure and decide whether the composition of the superior court required that its judgment be vacated. The defendants-appellees opposed the motion, and this Court denied the motion in February of 1982. The parties then proceeded with the regular appellate process: after the transcript, which took two years to complete, was filed with this Court, the parties filed their briefs and the case was ready for oral argument by August of 1983.

On December 12, 1983, this Court decided *Soucy* v. *Soucy Motors, Inc., supra,* which reaffirmed *Pockette* and overruled several post-*Pockette* decisions that had held that the presence of assistant judges in cases involving equity was harmless error if the assistant judges did not participate in the cases or affect the outcomes. *Soucy, supra,* 143 Vt. at 618–19, 471 A.2d at 226.

In January of 1984, we relied on *Soucy* and remanded this case for a new trial before a properly constituted court. The parties filed motions for reargument on the question whether *Soucy* should be applied retroactively. That motion was granted. In their briefs and at oral argument, both parties argued that *Soucy* should be applied prospectively only.

The threshold issue we must address is what effect the Act of April 27, 1984, No. 201, § 5, 1984 Vt. Acts 226, 227 (codified at 4 V.S.A. § 219 (Cum. Supp. 1984)) has on our determination of this case. Section 5 states:

> After [April 27, 1984], no court shall set aside any judgment, decree or order entered before December 12, 1983 by the superior court in an action, appeal or other proceeding on the grounds that the participation or non-participation of assistant judges was improper under 4 V.S.A. §§ 111(a) or 219.

*Soucy* was decided on December 12, 1983; thus, the legislature's purpose in enacting § 5 was to have *Soucy* apply prospectively only.

Our research has revealed no cases addressing the constitutional issue of whether the legislative branch may determine the retroactivity or prospectivity of a rule of law established by the judicial branch. However, one early Vermont case presented an analogous issue and therefore is instructive in this case. In *Bates* v. *Kimball,* 2 D. Chip. 77 (1824), this Court held unconstitutional a law that allowed a party in a certain case in which the judgment had already become final to have a new trial, or to appeal the judgment even though the time period for appealing had elapsed. The Court held that the legislature did not have the power to divest one party of a vested right and grant another party a special privilege; only a court

can order reargument in a case it has already decided. *Id.* at 85–87. Because it reopened a case between two parties in which a court had rendered a final decision, the law violated the constitutional separation of powers principle. *Id.* at 89–90.

In the law reviewed in *Bates,* the legislature sought to extend the period for appealing a judgment that had already become final. With respect to the case at bar, the legislature has attempted to preclude full appellate review of certain judgments in relation to the law as it existed at the time those judgments were filed. This constitutes a retroactive limitation of the courts' jurisdiction over cases that had been commenced prior to the enactment of the statute, and thus involves issues which were clearly within the courts' jurisdiction when the cases were commenced. This legislative interference with the discharge of judicial functions is unconstitutional because it violates the separation of powers principle embodied in Chapter II, § 5 of the Vermont Constitution. We hold, therefore, that only a court may determine whether its own decision will apply prospectively or retroactively. See, e.g., *Linkletter* v. *Walker,* 381 U.S. 618, 628–29 (1965); *Hankerson* v. *North Carolina,* 432 U.S. 233, 240–44 (1977) (court, in its discretion, may determine whether case applies retroactively); see also *Kelly* v. *Gwinnell,* 96 N.J. 538, 476 A.2d 1219 (1984) (holding that social hosts who serve liquor to guests are liable for injuries to third parties caused by guests' subsequent drunk driving; decision to apply only to events occurring after date of decision); *Richard* v. *Richard,* 131 Vt. 98, 300 A.2d 637 (1973) (holding that wife may sue husband for injuries received while riding in car negligently operated by husband; decision to apply prospectively only).

This Court has never addressed the issue of the retroactivity of judicial decisions in the civil context. For criminal cases, we have adopted the common law rule that changes in the law will be given effect to pending cases that are on direct review. *State* v. *Shattuck,* 141 Vt. 523, 529, 450 A.2d 1122, 1125 (1982). In adopting this rule in *Shattuck,* we cited with approval the reasoning used by the United States Supreme

Court in *United States* v. *Johnson,* 457 U.S. 537 (1982), in which that Court adopted the common law rule for all of its Fourth Amendment decisions. The Court in *Johnson* explicitly stated that the retroactivity of civil cases is analyzed under a different standard, enunciated by the Court in *Chevron Oil Co.* v. *Huson,* 404 U.S. 97 (1971). See *Johnson, supra,* 457 U.S. at 550 n.12, 563. Since *Soucy* is a civil case, we will apply the factors announced in *Chevron Oil,* and not the rule adopted in *State* v. *Shattuck,* in order to determine the retroactivity of *Soucy.*

■ In *Chevron Oil,* the Supreme Court stated that a decision must meet several criteria in order to be applied prospectively. First, it must "establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e.g., *Hanover Shoe* v. *United Shoe Machinery Corp.* [392 U.S. 481, 496 (1968)], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e.g., *Allen* v. *State Board of Elections* [393 U.S. 544, 572 (1969)]." *Chevron Oil Co.* v. *Huson, supra,* 404 U.S. at 106. If this criterion is met, the Court will inquire whether retroactive application would be inequitable: " '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' " *Id.* at 107 (quoting *Cipriano* v. *City of Houma,* 395 U.S. 701, 706 (1969)).

In applying these criteria to the facts of the case before us, it is clear that the rule of law laid down by *Soucy* should not require that this case be remanded for a new trial.

First, *Soucy* clearly established a new principle of law by overruling past precedent on which the litigants had relied. This case not only was tried before *Soucy* was decided, it was tried before *Pockette* was handed down. Prior to *Pockette,* this Court had held that the presence of assistant judges in a case involving equity was mere "surplusage" and not reversible error. See, e.g., *Villeneuve* v. *Bovat,* 128 Vt. 345, 346, 262 A.2d 925, 926 (1970) (suit for specific performance; presence and participation of assistant judges was "unnecessary, and

may be treated as surplusage"). In addition, in several cases decided after *Pockette,* this Court seemed to overrule *Pockette* by holding that the presence of assistant judges in equitable matters was surplusage or harmless error. See, e.g., *Swanson* v. *Bishop Farm, Inc.,* 140 Vt. 606, 443 A.2d 464 (1982); *Braun* v. *Humiston,* 140 Vt. 302, 437 A.2d 1388 (1981); *White Current Corp.* v. *State,* 140 Vt. 290, 438 A.2d 393 (1981); *Brower* v. *Holmes Transportation, Inc.,* 140 Vt. 114, 435 A.2d 952 (1981). Thus, *Soucy* established a new principle of law that was not "clearly foreshadowed," *Chevron Oil, supra,* 404 U.S. at 106, if it was foreshadowed at all. Given this Court's holdings in cases both prior to and after *Pockette,* the litigants in this case could not have anticipated the ruling in *Soucy.*

Applying *Soucy* to this case would result in substantial hardship and injustice to the parties. The complaint in this case was filed over seven years ago. There was a considerable amount of pretrial discovery, and the trial itself lasted almost three weeks. The case has been on appeal for three years now; remanding for a new trial and possibly another appeal would take several more years. We conclude that it would be unfair to the parties to remand this case for a new trial based on a rule of law that the parties did not comply with because they could not have anticipated it when the case was tried.

One other factor that supports our conclusion is the negative effect that retroactive application of *Soucy* would have on the administration of justice. Under V.R.C.P. 60 (b) a party may be relieved of a void judgment upon motion of the superior court. In *Soucy,* this Court held that a judgment made by an improperly constituted court is void. If *Soucy* is applied retroactively, any case ever decided by an improperly constituted court is void and would have to be vacated if one of the parties so moved.*

---

* Although V.R.C.P. 60 (b) requires that such motions be made "within a reasonable time," the federal courts have held, under a federal rule that is identical to V.R.C.P. 60 (b), that there is no time limit for attacking a void judgment. See, e.g., *Misco Leasing, Inc.* v. *Vaughn,* 450 F.2d 257 (10th Cir. 1971); *Ruddies* v. *Auburn Spark Plug Co.,* 261 F. Supp. 648 (S.D.N.Y. 1966); see also 11 C. Wright & A. Miller, Federal Practice & Procedure 197 (1973).

■ The fact that *Soucy* was held to involve subject matter jurisdiction does not affect our conclusion. A court, in its discretion, may decide to apply prospectively a holding that a court was without jurisdiction to render a judgment. See *Northern Pipeline Construction Co.* v. *Marathon Pipe Line Co.,* 458 U.S. 50 (1982). In *Northern Pipeline,* the United States Supreme Court held that the Bankruptcy Reform Act of 1978 was unconstitutional because it gave bankruptcy judges broad power under Article III of the United States Constitution, but did not give those judges the life tenure and guaranteed salaries that Article III requires of all judges who exercise power under Article III. Thus, the Supreme Court held that bankruptcy judges were without jurisdiction to exercise the powers granted to them by the Act. The Court then applied the factors enunciated in *Chevron Oil* v. *Huson, supra,* and determined that its ruling should be applied prospectively only. *Northern Pipeline Co., supra,* 458 U.S. at 87–88. In reaching this decision the Court emphasized that retroactive application "would surely visit substantial injustice and hardship upon those litigants who relied upon the Act's vesting of jurisdiction in the bankruptcy courts." *Id.* at 88.

*Order of January 12, 1984, vacated; appeal of substantive issues of case to be set for hearing.*