## John H. Crabbe, Jr. and Arthur E. Sweeney, Jr. v. Veve Associates

[497 A.2d 366]

No. 84-506

Present: **Allen, C.J., Hill, Underwood and Peck, JJ.**

Opinion Filed May 24, 1985

*McNamara, Fitzpatrick & McCormick,* Burlington, for Plaintiffs.

*Norman Williams* and *Robert B. Hemley* of *Gravel, Shea & Wright, Ltd.,* Burlington, for Defendant.

**Hill, J.** This opinion concerns the applicability of *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 471 A.2d 224 (1983), and *Solomon* v. *Atlantis Development, Inc.,* 145 Vt. 70, 483 A.2d 253 (1984). This case was before the Chittenden Superior Court on May 3, 1982. The dispute centered around easements held by the plaintiffs and alleged wrongful interference with the easements by the defendant. The superior court entered its findings of fact, conclusions of law and order on August 31, 1982. The order, which granted compensatory and punitive

damages to the plaintiffs, was signed by the presiding judge and the two assistant judges. The defendant appealed to this Court, and oral argument was heard. On December 12, 1983, while a decision in this case was still pending, we decided *Soucy, supra.* In *Soucy,* we reaffirmed our prior decision in *Pockette* v. *LaDuke,* 139 Vt. 625, 432 A.2d 1191 (1981), and held that a superior court composed of a presiding judge and two assistant judges does not have jurisdiction to hear a case involving equitable matters. *Soucy, supra,* 143 Vt. at 618–19, 471 A.2d at 226. As this case involved an equitable matter, the defendant filed a motion for leave to file a supplemental memorandum, or, for reargument, asking the Court, in light of its decision in *Soucy,* to reverse and remand the case for a new trial. On January 5, 1984, this Court, based on its decision in *Soucy,* issued an order reversing and remanding this case for a new trial before a properly constituted court.

On August 31, 1984, this Court issued its decision in *Solomon, supra.* In *Solomon,* we decided that our decision in *Soucy* would be applied prospectively only. According to *Solomon,* cases in which assistant judges participated, and which involved equitable matters and were decided before our decision in *Soucy,* would not be required to be retried. *Solomon, supra,* 145 Vt. at 75, 483 A.2d at 256.

In October of 1984, plaintiffs filed two motions seeking to nullify our January 5, 1984, order reversing and remanding this case. They argue that since this case was tried before *Soucy* was handed down, *Solomon* mandates that it need not be retried. The defendant, however, argues that the plaintiffs are procedurally barred from the relief they seek. It argues that a final order has been issued by this Court, that the time for reargument has elapsed and that the plaintiffs are unable to in essence reopen the appeal at this time. Defendant also argues that *Solomon* is inapplicable to the present case since a final order was issued in this case prior to our decision in *Solomon.*

The plaintiffs first seek to reopen the case based on an allegedly outstanding motion for reargument filed by the defendant on December 20, 1983. This motion, however, was filed *before* any decision by this Court had been rendered. As such, it was an invalid motion for reargument since at the time it

was filed, no order had yet been issued. See V.R.A.P. 40 (motion for reargument must be filed "within fourteen days *after* entry of judgment" (emphasis added)); cf. *State* v. *Kennison,* 135 Vt. 238, 239–40, 373 A.2d 556, 557 (1977) (notice of appeal may not be filed before decision is announced).

■ The plaintiffs have also filed a complaint for extraordinary relief pursuant to V.R.A.P. 21. Defendant argues that extraordinary relief is also an inappropriate means for the plaintiffs to seek relief. We disagree. Extraordinary relief is a flexible procedure aimed at providing litigants an avenue for relief when other avenues are foreclosed. See 4 V.S.A. § 2; V.R.A.P. 21; cf. *In re Rhodes,* 131 Vt. 308, 310, 305 A.2d 591, 592 (1973) (where no statutory authority for review exists, Court's power of review restricted to questions brought before it through such procedural means as extraordinary relief). The plaintiffs, having no other avenue of relief open to them, have thus utilized the appropriate procedure in filing a complaint requesting extraordinary relief.

The plaintiffs seek to have us vacate our order of January 5, 1984, and reinstate the appeal. It is undisputed that if this appeal were before us today, it would not have been reversed and remanded based on *Soucy.* This case was tried before our decision in *Soucy* and thus, based on *Solomon,* a retrial would not be required. *Solomon, supra,* 145 Vt. at 75, 483 A.2d at 256. The reasons set forth in *Solomon* for applying *Soucy* prospectively only are no less applicable to the present case simply because an order of this Court had previously been rendered. The plaintiffs, through their complaint for extraordinary relief, have requested us to reconsider our prior order in light of our reasoning in *Solomon.* Thus, the issue of whether a retrial should be required is before us.

■ Our reasoning in *Solomon* persuades us that a retrial should not be required in the present case. We hold fast to our determination that *Soucy* should be applied prospectively only. The participation of the assistant judges does not require a retrial inasmuch as this case was tried before *Soucy.*

*Order of January 5, 1984, vacated; appeal of substantive issues of case reinstated.*

Note. Underwood, J., dissented without opinion.