## Ruby Brown v. Fay G. and Virginia Whitcomb, Charles and Simone M. Lavoie, Jr., Stuart and Ramona Reed, Donald Taylor, Earl Taylor, Mr. and Mrs. Paul Rocheleau

[550 A.2d 1]

No. 83-494

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned.**

Opinion Filed April 8, 1988

Motion for Reargument Denied June 13, 1988

*Gabor Rona,* Montpelier, and *Edwin W. Free, Jr.,* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff-Appellant.

*Sylvester & Maley, Inc.,* Burlington, for Defendants-Appellees.

**Peck, J.** This is an appeal by plaintiff from an order of the Franklin Superior Court in which title to a parcel of land in Swanton, Vermont, was awarded to defendants. The trial court determined that defendants had established good title through adverse possession; we affirm.

Plaintiff presents four claims of error for our consideration: (1) the trial court lacked jurisdiction because assistant judges participated in the case which involved equitable issues; (2) the trial court erred by allowing defendants to amend their pleadings to include the defense of adverse possession; (3) the trial court erred by excluding evidence that tended to prove an interruption of the adverse possession claim; (4) evidence offered at trial was insufficient to support the court's findings as to the land boundary and adverse possession.

In 1974, plaintiff brought a trespass action against defendants, contiguous landowners who purchased their lots from or inherited from Charles Sr. and Anna Lavoie. Defendants counterclaimed for trespass. The trial court accepted defendants' boundary interpretation, and determined that they had possessed the disputed parcel of land adversely for the requisite fifteen year period. Plaintiff appealed to this Court. We held that adverse possession was not properly pled or supported by the findings, reversed the

judgment, and remanded the cause. *Brown* v. *Whitcomb*, 137 Vt. 627, 404 A.2d 119 (1979).

On remand, defendants moved to amend their answer to include a claim of adverse possession. The amendment was allowed and retrial was conducted on the issue of the disputed boundary. The trial court, with the assistant judges participating, again found for the defendants on the basis of adverse possession, and held that defendants' interpretation of the boundary line was accurate. This appeal followed.

## I.

■ Plaintiff first claims that the trial court, which consisted of the presiding judge and two assistant judges, lacked jurisdiction to hear equitable matters. Plaintiff relies on *Soucy* v. *Soucy Motors, Inc.*, 143 Vt. 615, 618, 471 A.2d 224, 227 (1983), for the proposition that the superior court, if it includes the assistant judges, has no jurisdiction to hear cases sounding in equity. See 4 V.S.A. § 219. Subsequently, however, in *Solomon* v. *Atlantis Development, Inc.*, 145 Vt. 70, 73, 483 A.2d 253, 257 (1984), this Court held that *Soucy* would not affect the jurisdiction of courts in matters heard before December 12, 1983, the date of the *Soucy* decision. In *Crabbe* v. *Veve Associates*, 145 Vt. 641, 643, 497 A.2d 366, 368 (1985), we reaffirmed that position, stating that "[w]e hold fast to our determination that *Soucy* should be applied prospectively only. The participation of the assistant judges does not require a retrial inasmuch as this case was tried before *Soucy*." Accordingly, inasmuch as the instant case was tried before December 12, 1983, *Soucy* does not apply, and the court, as constituted, had jurisdiction to resolve the issues before it.

## II.

■ Plaintiff next argues that the trial court erred when it allowed defendants to amend their pleadings to include the affirmative defense of adverse possession, following this Court's reversal and remand of the original order. It is well established that the trial court may allow amendments to pleadings at any stage of the litigation when justice so requires. V.R.C.P. 15(a); *Tracy* v. *Vinton Motors, Inc.*, 130 Vt. 512, 514, 296 A.2d 269, 271 (1972). A motion to amend pleadings under V.R.C.P. 15 is addressed to the discretion of the trial court and will be reviewed only for abuse or

withholding of that discretion. *Bevins* v. *King*, 143 Vt. 252, 254-55, 465 A.2d 282, 283 (1983). Plaintiff contends that the trial court abused its discretion by granting the amendment. *Perkins* v. *Windsor Hospital Corp.*, 142 Vt. 305, 308, 455 A.2d 810, 812 (1982).

Plaintiff claims she was prejudiced by the amendment because witnesses have died or become unavailable and that physical evidence has disappeared during the seven year lapse between the original action and the amended answer. However, plaintiff failed to clarify how specific testimony would have been relevant to the dispositive issue of adverse possession. Thus, she has failed to demonstrate that any prejudice resulted from the passage of time.

In addition, plaintiff has not shown that the motion was obviously frivolous, or made as a dilatory maneuver in bad faith. See *Bevins*, 143 Vt. at 254-55, 465 A.2d at 284. In sum, there is no basis to disturb the trial court's order granting the motion to amend. In the absence of prejudice or other grounds for denial, the trial court's allowance of the amendment was not an abuse of discretion.

## III.

Next, plaintiff argues that the evidence was insufficient to support the court's findings with regard to adverse possession and that the findings do not provide a sufficient basis for the court's conclusions. "[W]e will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous." *Thibault* v. *Vartuli*, 143 Vt. 178, 180, 465 A.2d 248, 249 (1983). In this case, we find sufficient evidence to support the trial court's findings in favor of defendants' claim of adverse possession.

In order to establish a successful claim of adverse possession, the possession must be open, notorious, hostile and continuous throughout the statutory period of fifteen years. *Id.* at 181, 465 A.2d at 250; 12 V.S.A. § 501. Here, defendants produced evidence that they or their predecessors in title had used the land continuously since 1954, openly, notoriously and under a claim of right. The land had been used for farming purposes until 1965 by defendants' predecessors in title, and used and maintained by defendants thereafter. In addition, using a railroad map, and evi-

dence of rotting posts located by their surveyor, defendants established the actual existence of fences at the location of the boundary as it existed in 1954, when defendants' predecessors bought the land.

Plaintiff did not cast doubt on the existence of the fence, nor did she counter substantial evidence that the land in dispute had been used continuously since 1954, openly, notoriously, and under a claim of right. Although the trial court opinion does not mention the element of hostility, it is evident from the facts presented and the absence of evidence of permission that hostility was present. See *Russell* v. *Pare*, 132 Vt. 397, 404, 321 A.2d 77, 82-83 (1974).

Plaintiff asserts that the period of adverse possession "ended no more than eleven years later when the plaintiff asserted her claim of right to the defendant." However, there is no evidence that the actual occupation of the land was ever stopped. Mere verbal protestations without action to reassert control or dominion over the disputed land does not interrupt the adverse possessor's interest in the property, *Green* v. *Stockwell*, 87 Vt. 459, 463, 89 A. 870, 871 (1914), but only confirms that the occupation is hostile. *Kimball* v. *Ladd*, 42 Vt. 747 (1870). Here, there is no evidence that plaintiff took steps to eject defendants or to disrupt defendants' open possession of the disputed parcel. There is no evidence that actual occupation of the land in question by defendants and their predecessors was ever interrupted after it began. Disagreement over the ownership of the parcel eleven years after the commencement of adverse possession by defendants in 1954 does not interrupt the requisite fifteen years.

## IV.

■   Plaintiff also appeals the trial court's exclusion of testimony which was offered to dispute defendants' claim of adverse possession. Plaintiff first argues that the trial court improperly excluded evidence contesting the age of a fence bordering the disputed parcel of land. The court denied plaintiff's request to allow a surveyor to testify as an expert in dealing with wire fences embedded in trees. The plaintiff's surveyor was allowed to testify as to his observations of the wire fence in the tree, but when plaintiff attempted to have the surveyor give his opinion as to how long he thought the fence had been there, defendants objected on

the grounds of lack of competency as an expert. As a general rule, all relevant evidence is admissible, V.R.E. 402, and the trial court has broad discretion in the admission and exclusion of evidence. Testimony may be excluded, however, if the trial court finds that the witness lacks the qualifications of an expert in a specific area. See V.R.E. 702. See generally *Northern Terminals, Inc.* v. *Smith Grocery & Variety, Inc.*, 138 Vt. 389, 392, 418 A.2d 22, 24 (1980) (question of competency of an expert is for the trial court to determine in its sound discretion, and the court's action will not be reversed on appeal unless it appears from the evidence to be erroneous or founded upon an error of law).

Here, the trial court did not allow plaintiff's surveyor to give an opinion as to how long the wires had been embedded in the trees because the testimony was outside the surveyor's knowledge and training. Further, the court could conclude that the opinion requested could not come from a lay witness because it was not "rationally based on the perception of the witness." V.R.E. 701. Therefore, the trial court properly exercised its discretion in excluding opinion testimony from a nonexpert witness. See V.R.E. 702.

■ Second, plaintiff argues that her application for a building permit on the disputed parcel of land during the fifteen year adverse possession period was relevant to her attempt to reassert control of the land, and that the application itself was wrongly excluded at trial. Plaintiff was permitted to testify that she had filed an application. Therefore, evidence of the application itself was merely cumulative. Relevant evidence may be excluded if the trial court determines that it is cumulative. V.R.E. 403; see generally *Whitmore* v. *Mutual Life Ins. Co.*, 122 Vt. 328, 338, 173 A.2d 584, 592 (1961) (out-of-court statement of insured as to hospitalization excluded when hospital records are already in evidence). Furthermore, neither the testimony nor the application are evidence that plaintiff took steps to eject defendants and re-establish dominion over the land.

## V.

The trial court appears to have erred in its conclusion that a house in the disputed corridor that was owned and occupied by defendants "was in existence years before the Lavoies purchased the property in 1954." But the existence of the house was only a

part of the substantial evidence of adverse possession. See *Russell*, 132 Vt. at 401, 321 A.2d at 81. It was not critical to the findings below so as to render the conclusions invalid. The overall evidence of defendants' possession of the disputed parcel clearly establishes adverse possession of the land in accordance with the above criteria for the full statutory period.

Because we affirm on the issue of adverse possession, we do not reach plaintiff's claim that the trial court erred by adopting defendants' boundary interpretation.

*Affirmed.*