**Harley Neel, M.D. v. Edward Sun, M.D. and Kathleen Sun**

[590 A.2d 887]

No. 88-408

Present: Allen, C.J., Gibson, Dooley and Morse, JJ., and Peck, J. (Ret.), Specially Assigned

Opinion Filed March 29, 1991

240

*James C. Gallagher* of *Downs Rachlin & Martin,* St. Johnsbury, for Plaintiff-Appellee.

*Williams and Green,* Morrisville, for Defendant-Appellant.

**Dooley, J.** This is a declaratory judgment action stemming from the dissolution of a professional partnership. Defendant, Edward Sun, M.D., appeals from the superior court's order determining the assets and liabilities of the partnership, claiming error in (1) the composition of the court during pretrial hearings, the trial, and post-trial proceedings; (2) the court's findings with respect to certain partnership property; and (3) the admission of certain evidence. We affirm.

Plaintiff, Harley Neel, M.D., and defendant formed a partnership for the practice of radiology in 1975. There was no formal partnership agreement. They practiced at the Northeastern Vermont Regional Hospital (NVRH) in St. Johnsbury, Copley Hospital in Morrisville, and Cottage Hospital in Woodsville, New Hampshire. The partnership leased a computerized axial tomograph (CAT) scanner from General Electric Company, and a room at NVRH in which to operate the CAT scanner. By 1981, the partnership relationship had soured, and at the end of September 1982, the partnership terminated. Plaintiff commenced this action in 1982 to resolve post-termination disputes. Defendant counterclaimed for an accounting.

The superior court held several preliminary hearings between November 1982 and December 1984. Both assistant judges participated in an October 7, 1983 hearing on miscellaneous procedural motions. One assistant judge participated in a status conference and a hearing on a discovery matter held on December 12, 1984. Both assistant judges sat in the trial on the merits held on May 6 and 7, 1985, and joined in the resulting findings and order, which resolved some issues and referred the remaining issues to a master with instructions. The master reported in 1987 and, at the November 1987 hearing on the report, defendant moved to dismiss the entire proceeding because assistant judges had sat on the 1985 hearing on the merits. The

court denied the motion but dismissed the assistant judges from sitting at the hearing on the master's report. The final judgment order, issued in 1988, was signed only by the presiding judge.

Defendant first argues that the participation of assistant judges in the various proceedings constituted grounds for a new trial because this is an action in equity. Defendant relies on our decision in *Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 619–20, 471 A.2d 224, 226–27 (1983), that the participation of assistant judges at the hearing on the merits of an equitable action required a new trial because the trial court lacked jurisdiction to hear and determine the action. The decision was based on the statute in effect at the time, which provided that claims for equitable relief were triable by the presiding judge sitting alone. See 4 V.S.A. § 219 (1972) ("all rights, powers and duties of a chancellor shall vest exclusively in the presiding judges"), amended by 1983, No. 201 (Adj. Sess.), § 3. An amendment to § 219, effective April 27, 1984, placed jurisdiction over chancery matters in the superior court, including the assistant judges. See 4 V.S.A. § 219. A contemporaneous amendment to 4 V.S.A. § 112(b) provided that decisions on questions of law, and mixed questions of law and fact, would be made solely by the presiding judge in all proceedings. See 4 V.S.A. § 112(b), amended by 1983, No. 201 (Adj. Sess.), § 2. As to this new composition-of-court provision, however, the Legislature was clear that composition errors could be grounds for reversal of a judgment only if "a party makes a timely objection and raises the issue on appeal." *Id.*

The Legislature also provided that no court could set aside a "judgment, decree or order entered before December 12, 1983" based on the improper participation or nonparticipation of assistant judges under 4 V.S.A. §§ 111(a) or 219. P.A. No. 201, § 5 (1983 Vt., Adj. Sess.). This Court held that the Legislature had exceeded its authority in passing this statute. *Solomon v. Atlantis Development, Inc.*, 145 Vt. 70, 73, 483 A.2d 253, 255–56 (1984). We decided, however, that *Soucy* would not be applied retroactively to cases tried before it was decided—that is, before December 12, 1983. *Id.* at 74–76, 483 A.2d at 256–57; see also *Brown v. Whitcomb*, 150 Vt. 106, 108, 550 A.2d 1, 3 (1988).

For purposes of analysis *only*, we will assume that this is an action in equity and that the improper presence or absence of

assistant judges at any hearing might give defendant some right to appellate relief under the *Soucy* rule. We are dealing, however, with a situation where the claimed improper participation of the assistant judges came at hearings that occurred either prior to the *Soucy* decision or after the amending legislation which placed jurisdiction over equity actions in the full superior court, including the assistant judges. We emphasize also that the hearing on the merits occurred after the effective date of the amending legislation.

Defendant concedes that the amendment to 4 V.S.A. § 219 applied to cases in progress and, if valid, allowed participation of assistant judges in this action after the effective date of the amendment. See 1 V.S.A. §§ 213, 214. He challenges the validity of that amendment, however, arguing that under *Solomon*, the Legislature is powerless to change the jurisdiction over an action in progress. While *Solomon* has language that might suggest such a position, see 145 Vt. at 73, 483 A.2d at 255–56, defendant's argument is a vast overstatement of the *Solomon* holding.

The issue in *Solomon* was whether the Legislature could determine the retroactive effect of the *Soucy* rule on cases pending at the time *Soucy* was decided, thus removing this Court's jurisdiction to rule on such cases. The effect of the legislation would have been to revive judgments which were void, for lack of trial court jurisdiction, if the *Soucy* rule were retroactive. We held that only this Court could determine whether its decision was prospective or retroactive and give appropriate relief. In this case, the Legislature made a *prospective* change in the composition of the trial courts in equity matters. No vested right of any party was involved. We see no ground for holding that the Legislature has violated the separation of powers in its action.

The bulk of defendant's challenges are to proceedings that occurred after the effective date of the amending legislation. As to those proceedings, improper participation by an assistant judge can be raised on appeal only if it has been the subject of a "timely" objection below. 4 V.S.A. § 112(b). Defendant failed to object to assistant judge participation until November of 1987. This objection was not timely. See *Deyo v.*

*Kinley*, 152 Vt. 196, 200, 565 A.2d 1286, 1289 (1989) (purpose of requiring timely objection is to bring error to attention of trial court so that court may have opportunity to correct the error). Once defendant objected, the presiding judge excused the assistant judges from further participation as requested.[1]

■ There is one challenge to a motion hearing in October 1983. This hearing occurred before the decision in *Soucy*. It cannot be grounds for reversal since the *Soucy* holding does not apply to proceedings that occurred before it was decided. *Brown v. Whitcomb*, 150 Vt. at 108, 550 A.2d at 3.

Defendant's next set of claims focuses on the trial court's findings that, although the CAT scanner and NVRH room lease were technically "assets," they were nonetheless without value. Defendant argues that the trial court's action violated an agreement entered into by the parties which purported to limit the issues for trial, and that the findings were inconsistent with the evidence.

■ Defendant claims that because the agreement required the court to submit valuation questions to the designated master, the court was without authority to rule on these issues.[2] We

---

[1] Defendant claims error in the dismissal of the assistant judges although this action was taken in response to defendant's motion. All the proceedings from which the assistant judges were excused, and the resulting orders, involved questions of law. Thus, the presiding judge was authorized to act alone. See *Bloch v. Angney*, 149 Vt. 29, 30–31, 538 A.2d 174, 175 (1987); *Trustees of Net Realty Holding Trust v. AVCO Financial Services*, 147 Vt. 472, 476, 520 A.2d 981, 984 (1986).

[2] The agreement included the following provisions:
[T]he parties desire to narrow the legal theories and issues before the court and to delegate to [the arbitrator] the responsibility for determining the specific dollar amounts of the various claims set forth by the parties:
. . . .
The following issues will remain for adjudication:
. . . .
[I]f the partnership has any interest in the existing lease on the CAT, what the interest is.
. . . .
Whether the partnership has any continuing interest in the November 1, 1977 lease with Northeastern Vermont Regional Hospital and, if so, what that interest is.

fail to see how defendant can base a claim on an agreement that was not before the trial court. Although defendant referred to the agreement in a "Proposed Judgment Order," he did not assert that the agreement imposed a limitation on the court's authority to make a threshold finding on whether a particular asset was without value. Further, in his several motions filed in response to the court's October 1985 order, defendant never objected to the court's making of a finding on whether the leases had any value. Here again, defendant failed to preserve this claim, and we will not address it for the first time on appeal. See *Bancroft v. Bancroft*, 154 Vt. 442, 446, 578 A.2d 114, 117 (1990).

█ █  Nor can we find error in the court's substantive findings that the leases were without value. We will not disturb a trial court's findings of fact if they are supported by the evidence and not clearly erroneous. *Meadowbrook Condo. Ass'n v. South Burlington Realty Corp.*, 152 Vt. 16, 26, 565 A.2d 238, 244 (1989). Supporting evidence must be viewed in the light most favorable to the prevailing party, and any modifying evidence will be disregarded. *Id.* On review of the entire record, we are satisfied that there was ample evidence to support the court's findings that the leases were without value. In particular, there was evidence that the partnership lost money on the CAT scanner operation, was in arrears on its lease payments, and had only three more months on the lease when the partnership dissolved. There was also evidence that there existed a heavy arrearage on the NVRH room lease. There was no error.

█  Defendant further claims that the court erred in not directing the master to account for partnership funds invested in capital improvements to the leased room at NVRH. Defendant

----

. . . .

The determination of specific dollar amounts applicable to the specific court findings shall be submitted to binding arbitration . . . .

We note that defendant's cramped interpretation of the agreement, as forbidding the court from making a threshold finding on whether an asset had any value whatsoever, is not supported by the language of the agreement. The agreement, on its terms, delegates to the arbitrator "the responsibility for determining the specific dollar amounts" of the parties' claims. Nowhere does it purport to limit the court's authority to determine whether a particular asset is without value.

failed to specify at trial any capital improvements for which accounting was required, failed to raise this claim in his proposed findings of fact, and raised no timely objection to the court's October 1985 order on this ground. Even if the issue had been preserved for appeal, it is difficult to imagine how the capital improvements could be assessed or recouped if the lease was worthless.

■ Defendant also argues that the court erred in failing to find goodwill as an asset of the partnership. See *Klein v. Klein*, 150 Vt. 466, 470, 555 A.2d 382, 385 (1988) (definition of "goodwill" for professional practice). There was substantial evidence that the partnership developed a poor reputation in the local medical community, due in large part to the difficulties that other physicians had experienced in dealing with defendant. This evidence, largely undisputed, was sufficient to rebut any "presumption" that goodwill had accrued as a partnership asset, and was sufficient to support the court's finding.[3]

■ ■ Defendant next claims that the trial court erred in admitting evidence showing that, following dissolution of the partnership, substantially all local physicians referred patients to plaintiff rather than defendant. Defendant maintains that the evidence was both irrelevant and inadmissible hearsay. The trial court has broad discretion in determining whether evidence is relevant. *State v. Derouchie*, 153 Vt. 29, 34, 568 A.2d 416, 418 (1989). Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. The evidence at issue here made it more probable that dissatisfaction in the local medical community with defendant's services had diminished the value of the partnership, thus tending to (1) refute defendant's equitable claim that he was entitled to a share of plaintiff's post-dissolution earnings, and (2) demon-

---

[3] Defendant's claim that the trial court erred in failing to require plaintiff to account for income generated by the CAT operation, during the three-month period between dissolution and termination of the CAT lease, was never raised below and is thus waived on appeal.

strate the absence of goodwill as a partnership asset. It was plainly relevant. With respect to defendant's hearsay claim, defendant objected and argued solely on grounds of relevancy. An objection based on hearsay grounds was "not apparent from the context," V.R.E. 103(a); the hearsay claim was not preserved on appeal. *State v. Recor,* 150 Vt. 40, 49, 549 A.2d 1382, 1389 (1988) (objection on one ground does not preserve appeal on other grounds).

*Affirmed.*