### Bernard CARPENTER v. CENTRAL VERMONT MEDICAL CENTER

[743 A.2d 592]

No. 98-387

November 9, 1999. Plaintiff appeals from a decision granting judgment for defendant on claims of age discrimination and retaliation. At a bench trial, the trial court held plaintiff to a higher standard of proof than is required for the prima facie case and therefore erred in applying the burden-shifting framework for employment discrimination claims. We reverse for this reason, but affirm the other challenged rulings by the trial court.

Plaintiff was hired by Central Vermont Hospital in 1984. He worked as a custodian for ten years, eventually moving to the Woodridge Nursing Home, operated by defendant Central Vermont Medical Center (CVMC). Plaintiff received favorable performance evaluations for the majority of his time with CVMC. In 1994, he was fifty-eight years old. In February 1994, the nursing home created a new position for a lead housekeeper, involving many of plaintiff's duties, as well as some new responsibilities. Two individuals applied for the position, plaintiff and Mike Tanner, a twenty-three-year-old employee who had been a housekeeper for three months. Plaintiff and Tanner were both interviewed, and Tanner was selected for the job.

In Spring 1995, the nursing home decided to restructure the duties of some of its staff, including plaintiff. Carpenter was asked to add to his duties of dust mopping, vacuuming, stripping, and waxing floors, the tasks of wet mopping, dusting lights and furniture, cleaning pa-

tient rooms, and changing dirty linens. As a result of throat cancer and radiation treatments for it, plaintiff experienced heightened sensitivity to some cleaning products and to human waste. Upon being told of the reorganization plan, plaintiff refused to do the new duties. He took a month's vacation and returned, but was still unwilling to perform tasks such as cleaning patient rooms. His job was terminated by CVMC at that time.

Plaintiff filed suit for age discrimination and retaliation under Vermont's Fair Employment Practices Act (FEPA). The complaint did not contain a demand for a jury trial, nor was one filed within the time limits of V.R.C.P. 38. Plaintiff tried repeatedly to undo this mistake by adding new legal theories to his case. On February 27, 1997, plaintiff filed a motion to amend his complaint to add a federal age discrimination claim and obtain a jury trial. The trial court denied these motions. Plaintiff next moved to amend his complaint to add a claim of disability discrimination under FEPA and to demand a jury trial. The court denied both motions. Plaintiff moved for the third time for a jury trial on March 8, 1998, and this motion, too, was denied. The dispute proceeded to a bench trial, and the court rendered judgment for defendant CVMC.

Plaintiff appeals five issues: (1) whether the trial court erred in analyzing plaintiff's evidence as required by *Ross v. Times Mirror, Inc.*, 164 Vt. 13, 665 A.2d 580 (1995); (2) whether the trial court erred in refusing to let plaintiff add a claim for disability discrimination under FEPA; (3) whether the trial court erred in refusing to let plaintiff add a claim under the federal Age Discrimination in Employment Act; (4) whether the denial of a jury trial was error; and (5) whether the refusal to let plaintiff amend his complaint to conform to the evidence after trial was error.

On appeal, we review the trial court's conclusions of law to see whether they are supported by the findings of fact. See *Abbiati v. Buttura & Sons, Inc.*, 161 Vt. 314, 318, 639 A.2d 988, 990 (1994). The findings of fact will not be disturbed unless clearly erroneous. See V.R.C.P. 52.

Plaintiff's first claim is that the trial court applied an erroneous standard to the claim of age discrimination by dismissing the case for failure to prove a prima facie case and by placing itself in the position of the employer making the decision. We agree. The standards and burdens of proof to be applied under FEPA are the same as those under Title VII of the federal Civil Rights Act of 1964. See *Hodgdon v. Mt. Mansfield Co.*, 160 Vt. 150, 161, 624 A.2d 1122, 1128 (1992); 42 U.S.C. § 2000e. Under the burden-shifting framework created for employment discrimination cases by the United States Supreme Court, a plaintiff creates a rebuttable inference of discrimination by making out a prima facie case that (1) he was in the protected age group; (2) he was qualified for the job; (3) he was denied the promotion; and (4) the circumstances permit an inference of age discrimination. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Ross*, 164 Vt. at 24, 665 A.2d at 586-87. Once the plaintiff has made a prima facie case of employment discrimination, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. See *Hodgdon*, 160 Vt. at 159, 624 A.2d at 1127. If the employer articulates such a reason, the plaintiff then has the opportunity to show that the proffered reason is pretextual. See *id*.

Plaintiff's burden of proof in the prima facie case is minimal. See *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). We have called the burden "a relatively light one." See *State v. Whitingham School Board*, 138 Vt. 15, 19, 410 A.2d 996, 998 (1979). The Court of Appeals for the Second Circuit has repeatedly called it "de minimis." See

*Quaratino v. Tiffany & Co.*, 71 F.3d 58, 65 (2d Cir. 1995) ("plaintiff's burden of proof in a . . . discrimination action is *de minimis* at the *prima facie* stage."); *Meiri v. Dacon*, 759 F.2d 989, 996 n.10 (2d Cir. 1985).

Plaintiff unquestionably satisfied the first, third and fourth elements of the prima facie case. The question the trial court purported to decide was the second point: whether plaintiff was qualified. The trial court found that plaintiff had a long and "quite good" employment history at CVMC; he was reliable, knowledgeable and met or exceeded expectations for his position, which focused on cleaning floors and corridors. Additionally, defendant did not contest that plaintiff was qualified for the position. Therefore, plaintiff satisfied the light burden of the prima facie case.

The trial court should then have considered whether defendant provided a legitimate, nondiscriminatory reason for failing to promote plaintiff. Assuming, arguendo, that defendant did provide such reason, the trial court should have looked at whether plaintiff showed that the proffered justifications were pretextual. Instead, the court erroneously dismissed the complaint for failure to meet the burden of the prima facie case.

CVMC did offer other reasons for its hiring decision, primarily that plaintiff had been reprimanded for certain kinds of misconduct, such as using profanity, holding stereotypical views of women and gay men, and making some kind of inappropriate contact with a co-worker. While these may well be valid, nondiscriminatory reasons to choose not to promote plaintiff, they do not go to the question of whether plaintiff had made the proper showing for his prima facie case. These issues properly fall into the final step of the *McDonnell Douglas* analysis, the ultimate determination of whether the employer discriminated. See *Texas Dep't of Community Affairs v. Burdine*, 450 U.S.

248, 253 (1981). There was certainly sufficient evidence for the court to find that the employer had legitimate reasons for not promoting plaintiff, but the trial court never reached that issue because it cut off the inquiry prematurely.

In the course of considering whether plaintiff had met the burden of the prima facie case, the trial court erroneously substituted its judgment for that of the employer. The court opined that plaintiff had become "stuck in his ways," and that he was "a very concrete thinker." CVMC had offered neither of these reasons as the basis for its decision, and therefore the trial court's reaching out to find reasons it would not choose to promote plaintiff was inappropriate.

Federal courts of appeal have repeatedly instructed district courts that they may not substitute their business judgment for that of the employer. In a case where a district court erred similarly, by collapsing the question of qualification into the question of whether the employer discriminated, the Court of Appeals for the Second Circuit reversed and observed that the error had more than formal consequence because it forced the plaintiff to prove he was the best-qualified for the job. See *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2d Cir. 1978); see also *Owens v. New York City Housing Auth.*, 934 F.2d 405, 409 (2d Cir. 1991) ("[a]n individual may well have the ability to perform job duties, even if her conduct on the job is inappropriate or offensive."). The trial court's error here, if uncorrected, would force plaintiffs to prove the ultimate issue in what should be the de minimis burden of the prima facie case. Therefore, we reverse the decision that plaintiff failed to make out a prima facie case.

Plaintiff appeals a number of other issues, all of which we find meritless, and therefore, the decisions below are affirmed with respect to the rulings on amending the complaint to add a disabil-

ity discrimination claim, a federal age discrimination claim, a jury trial demand, and amendments to conform to the evidence. We review the denial of motions pursuant to V.R.C.P. 15 for abuse of discretion. See *Brown v. Whitcomb*, 150 Vt. 106, 108-09, 550 A.2d 1, 3 (1988). We briefly address each of these issues in turn.

Plaintiff moved to amend his complaint to add a claim of disability discrimination under FEPA and to demand a jury trial. The trial court denied these motions as untimely under the scheduling order.* Plaintiff claims that this was error, as he did not discover the evidence of a disability discrimination claim until he was deposed on May 19, 1997 by defendant. Counsel explains he then researched the claim. Despite the fact that the scheduling order in the case required that all pretrial motions be filed by July 1, 1997, six weeks after plaintiff's deposition, plaintiff's motion to amend was not filed until July 10, 1997.

Rule 16.2 provides: "a scheduling order controls the subsequent course of the action and takes precedence over any rule with respect to the time for taking any action or the scheduling of actions for trial." V.R.C.P. 16.2. Failure to comply with a scheduling order may be sanctioned as provided in Rule 37: "[a]n order . . . prohibiting [a] party from introducing designated matters in evidence." V.R.C.P. 37(b)(2)(B). The Reporter's Notes to the rule providing for scheduling orders explain that "the scheduling order takes precedence over any rule with re-

spect to time. This language is necessary because many of the rules authorizing pretrial motions allow them to be made 'at any time after the . . . commencement of the action.'" V.R.C.P. 16.2. Wright and Miller further support this conclusion by commenting that orders will not be modified "simply upon request"; rather good cause must be shown why a party cannot satisfy the order despite its diligence. 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1522.1, at 231 (2d ed. 1990). Plaintiff has made no showing that despite diligence he had good cause for filing the motion late. He may have explained why he didn't file the motion before the deposition, but had no explanation for his failure to file the motion in the five weeks following the deposition. Therefore, we cannot say the trial court abused its discretion in denying plaintiff's belated motion to add a claim for disability discrimination based on information uncovered at his own deposition.

On February 27, 1997, plaintiff moved to amend his complaint to add a claim under the federal Age Discrimination in Employment Act (ADEA) and to obtain a jury trial. The trial court denied both motions, explaining that the ADEA requires a plaintiff to file within 300 days of the last alleged unlawful act and plaintiff had not filed within that time frame. This ruling was correct. The alleged act of age discrimination was defendant's failure to promote plaintiff in February 1994. Three hundred days expired in December 1994. Plaintiff did not file his complaint with the Attorney General's office until August 1995. The motion to amend was therefore untimely, and the trial court's denial of it was not an abuse of discretion.

Next, plaintiff alleges that the trial court erred in denying him a trial by jury. As noted above, he included a jury demand in his motions to add claims under the ADEA and disability discrimination under FEPA, but as those motions were

---

*The trial court also denied the motion as having been made after undue delay and on the substantive ground that the claim was not within 29 C.F.R. § 1630.2(j)(3)(i). As we uphold the decision that the motion based on evidence revealed at plaintiff's deposition was untimely under the scheduling order, we need not reach the other issues.

denied on other grounds which we have affirmed, they would not have entitled him to a jury trial. Under the scheduling order in the case, all pretrial motions were to be filed by July 1, 1997. Plaintiff moved to amend his complaint to add the disability discrimination claim on July 10, 1997. Defendant filed its response on July 30, 1997. The court denied the motions on August 6, 1997. As explained above, the scheduling order controls the subsequent action in a case, and we cannot say the trial judge abused his discretion by enforcing the scheduling order.

Finally, plaintiff alleges error in the trial court's denial of his motion to conform the pleadings to the evidence to add a breach of contract claim. We have explained that failure to object to evidence related to an unpleaded issue may be evidence of implied consent, but "'it must appear that the party understood the evidence was introduced to prove the unpleaded issue.'" *Vineyard Brands, Inc. v. Oak Knoll Cellar*, 155 Vt. 473, 485, 587 A.2d 77, 83 (1990) (quoting *Campbell v. Board of Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499, 506 (9th Cir. 1987)). The evidence at issue here was testimony elicited by plaintiff about CVMC's antidiscrimination policies and whether investigation of plaintiff's claim was made. Plaintiff asserts that defendant must have understood that he was trying to prove a breach of contract claim. We do not find the evidence so obviously and exclusively related to a breach of contract claim. Furthermore, the trial court denied the motion on the basis that the substantive proof for such a claim simply was not introduced.

*Judgment, insofar as it found plaintiff had failed to prove a prima facie case, is reversed and remanded for proceedings not inconsistent with this opinion; in all other respects, judgment affirmed.*

**Morse, J.,** dissenting. I respectfully disagree with the result. While the superior court collapsed the steps of the *McDonnell Douglas* analysis, it is beyond doubt that the court would ultimately determine that CVMC did not discriminate. The court found several nondiscriminatory reasons justifying CVMC's decision, including plaintiff's lack of supervisory experience, inflexible attitude, use of profanity and offensive remarks, sexist views of women, and "inappropriate" contact with a co-worker. As the court concluded, "he was not supervisory material." These reasons were found as facts sufficiently persuasive to deny plaintiff relief, and, therefore, would not be found "pretextual" if we remanded for an explicit finding. The conclusion that CVMC was not liable is foregone. I would avoid the unnecessary expense and delay and affirm.