**Randolph D. LOUGHIN, Plaintiff,**

v.

**OCCIDENTAL CHEM. CORP. et al., Defendants.**

No. Civ.A. 04–5564.

United States District Court, E.D. Pennsylvania.

June 16, 2005.

George W. Swoyer, III, Northfield, NJ, for plaintiff.

Frank J. Conley, Marguerite S. Walsh, Little Mendelson, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM

ROBRENO, District Judge.

This is an action for fraud in connection with the termination of plaintiff's employment. Plaintiff, Randolph Loughin, filed this action his against his former employer Occidental Chemical Corp. and its parent corporation, Occidental Petroleum Corp. (collectively, "defendants") in the Court of Common Pleas, Montgomery County, Pennsylvania. Defendants contend they timely removed this action under 28 U.S.C. § 1446(b) and that this Court has diversity jurisdiction to adjudicate the matter. In particular, defendants allege that plaintiff is a citizen of Pennsylvania, Occidental Chemical Corp. is a citizen of New York and Texas (i.e., is incorporated in New York and has its principal place of business in Dallas, Texas), and Occidental Petroleum Corp. is a citizen of Delaware and California (i.e., is incorporated in Delaware and has its principal place of business in Los Angeles, California). Further, defendants allege that plaintiff seeks over $75,000 in damages.

Before the Court is plaintiff counsel's letter to the Court, dated June 3, 2005, which the Court will construe as a motion to compel telephonic depositions. The two prospective deponents are employees of the defendants. They are located in California and New York, respectively, and their depositions are expected to last thirty minutes. For the reasons that follow, plaintiff will be permitted to depose the witnesses in question by telephone.

■ Under Rule 30(b)(7), "[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions." Fed.R.Civ.P. 30(b)(7).[1] The party opposing a telephonic deposition bears the burden of demonstrating good cause why the deposition should not be conducted by telephone. *See* James Wm. Moore et al., *Moore's Federal Practice* § 30.24 (3d ed. 1999) ("[L]eave to take a telephonic deposition should be liberally granted. The burden is on the party opposing the deposition to establish why it should not be conducted by telephone."); *see also, e.g., Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 430–31 (M.D.N.C.1986) (granting plaintiff's motion to depose California witness by telephone when defendants failed demonstrate

---

**1.** Rule 30(b)(7) aims to simplify discovery and reduce the cost of litigation. *See, e.g., Cacciavillano v. Ruscello, Inc.*, Civ.A. No. 95–5754, 1996 WL 745291 at *2–3, 1996 U.S. Dist. LEXIS 18968 at *6–9 (E.D.Pa. Dec. 23, 1996) (explaining that "the Rules of Civil Procedure favor the use of our technological benefits in order to promote flexibility, simplify the pretrial and trial procedure and reduce expense to parties").

good cause why telephonic deposition should not be permitted, and where plaintiff alleged financial hardship in traveling to California for deposition).

 In opposing the telephonic deposition, defendants refer to their desire to observe the deponents' demeanor during the deposition. This reason, without more, does not amount to good cause. *Id.* "[T]elephonic depositions inherently lack face-to-face questioning, and to deny a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing Fed. R.Civ.P. 30(b)(7)." *Cressler v. Neuenschwander,* 170 F.R.D. 20, 22 (D.Kan.1996).

Moreover, defendants can cure any prejudice they claim from failing to observe the deponents' demeanor by traveling to California and New York (the deponents' respective residences) to participate in the depositions in person.[2] *See, e.g., Cressler,* 170 F.R.D. at 22 (stating that no authority restrains opposing party from attending telephonic deposition in person). Indeed, plaintiff has expressed his amenability to defense counsel being present with the deponents during the telephonic depositions. Defendants may also produce the deponents in Pennsylvania. *See, e.g., Cacciavillano v. Ruscello, Inc.,* Civ.A. No. 95-5754, 1996 WL 745291 at *2-3, 1996 U.S. Dist. LEXIS 18968 at *6-9 (E.D.Pa.

Dec. 23, 1996) (giving defendants option of permitting plaintiff to take deposition by videoconference or to pay expenses of plaintiff and plaintiff's counsel for traveling to Arizona for live deposition).[3]

Because defendants have not satisfied their burden of demonstrating good cause why the depositions should not be conducted by telephone, and because any prejudice defendants claim can easily be cured, plaintiff will be permitted to depose the witnesses in question by telephone. Accordingly, plaintiff's motion to compel telephonic depositions will be granted. An appropriate order follows.

### ORDER

**AND NOW,** this **16th** day of **April, 2005,** upon consideration of plaintiff's letter to the Court, dated June 3, 2005, which the Court has construed as a motion to compel telephonic depositions under Federal Rule of Civil Procedure 30(b)(7), and defendants' response, and following a teleconference in which counsel for all parties participated, it is hereby **ORDERED** that the motion is **GRANTED.**

**AND IT IS SO ORDERED.**

**2.** Under Rule 28(a), the deposition must be taken before an officer authorized to administer oaths by the laws of the United States or the place where the deposition is to be held. Fed.R.Civ.P. 28(a). This means that the deposition officer, or practically speaking, the court reporter who administers the oath, should be located with the deponent. The presence of the officer with the deponent will ensure that no unidentified person is present and coaching the deponent.

**3.** *In re Orthopedic Bonescrew Products Liability Litigation,* No. MDL 1014 (Pretrial Order No. 1116, Oct. 16, 1997), *available* at 1997 WL 704700, which defendants cite in support of their opposition to the telephonic depositions, is distinguishable from the present case. In that case, the defendants undertook to depose a plaintiff's treating physician in person in North Carolina. The parties agreed that the plaintiffs would participate in the deposition by telephone. The deposition commenced with plaintiffs participating telephonically, but because of an unanticipated language barrier (English was the deponent's second language) and because the phone to be used lacked a speaker-phone function, the plaintiffs were unable to effectively participate in the deposition by telephone. Moreover, given the circumstances, the deponent could not fully comprehend plaintiffs' questions and could not provide responsive answers. Accordingly, upon motion by the plaintiffs, the court struck the nonparty witness's deposition and ordered a face-to-face deposition. The court emphasized, however, that "it has always been the position of the court that the parties *should* explore every opportunity to use telephone depositions when it would not compromise the participant's position in the case if for no other reason than the tremendous savings in cost." 1997 WL 704700, at *1 (emphasis in original).

In sum, *Orthopedic Bonescrew* involved unique circumstances where both the plaintiffs and the deponent demonstrated hardship from the plaintiffs' telephonic participation in the deposition. In contrast, the instant case involves no such hardship. Moreover, as already stated, any prejudice claimed by defendants in failing to observe the deponents' demeanor can be cured in one of several ways.