Weinstein v. Harmon et. al., No. 139-3-13 Bncv (Wesley, J. Apr. 8, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 139-3-13 Bncv |

| | |
|---|---|
| Jennifer Weinstein,<br>　　　Plaintiff<br><br>　　　v.<br><br>Tommy A. Harmon,<br>Tommy A. Harmon, Jr. on behalf o,<br>Maureen Harmon,<br>Maureen Harmon,<br>Nelson Harmon,<br>Rocking Stone Farm Homeowners,<br>Rocking Stone Farm,<br>Jeanmarie Leonard,<br>Carol Sayour,<br>Nelson Harmon, on behalf of,<br>Lloyd J. Weinstein,<br>Weinstein Groupe, P.C., The,<br>　　　Defendants | DECISION ON MOTION |

### Decision and Order on Pending Discovery Motions

Plaintiff sues Defendants over the construction of a barn and stone wall in a housing development in Manchester, Vermont. Jeanmarie Leonard and Carol Sayour counterclaim for breach of contract, trespass, invasion of privacy, assault, and abuse of process. The Court has previously issued orders addressing motions to dismiss certain counts and parties on Sept. 26, 2013, and denying Plaintiff's motion to disqualify Christopher Roy, Esq., attorney for certain of the defendants.

Now before the Court are various discovery-related motions. As briefly elaborated below, these motions represent unreasonable failures on the part of counsel to resolve routine matters that should not occupy the Court. See, V.R.C.P.26(h). It is difficult to escape the conclusion that the course of this litigation threatens to veer off into personality conflicts between counsel.

On February 13, 2014, Plaintiff and Third-Party Defendants filed a motion to extend time to serve discovery demands. The stipulated scheduling order required the parties to send all written discovery requests by January 15, 2014. Attorney Lloyd Weinstein asserts he misread the schedule as requiring written discovery requests to be served by April 1, 2014.

On March 3, 2014, Defendants opposed Plaintiff's motion to extend time, noting the request was filed one month after the deadline and arguing Plaintiff has not provided a sufficient explanation for the lack of a timely request for relief. Defendants cite *Carpenter v. Central Vermont Medical Center*, 170 Vt. 565, 568 (1999) (mem), but that case holds that the

trial court has broad discretion in allowing amendments to scheduling orders. *See* 170 Vt. at 568. Although it is important for counsel to follow stipulated scheduling orders, and the Court expects requests for amendments to be supported by demonstrated diligence, there is no prejudice to Defendants to allowing an extension. *See* V.R.C.P. 16.2. According to the stipulated scheduling order, the parties have until September 2, 2014 to complete discovery. Moreover, the scheduling order indicates the parties have until August 15, 2014 to complete mediation.[1] Trial is still months away, and the Court concludes that the only explanation for Defendant's refusal to grant Plaintiff's request for accommodation in the early stages of discovery is personal pique between counsel. The Court will grant the motion to allow Plaintiff to propound written discovery, and deny Defendant's request for a protective order.

The Court next considers Defendants' and Third-Party Plaintiffs' motions to compel discovery. Defendants served Plaintiff and Third-Party Defendants with a series of interrogatories and requests to admit. To many of the discovery requests, Plaintiff responded by writing: "Plaintiff objects to this demand as the same goes beyond the scope of permissible discovery and is not related to any claims, counter-claims or defenses in the matter nor is the same likely to lead to discoverable information." To a number of questions asking for further explanation of Plaintiff's claims, Plaintiff wrote: "This allegation was made because the same is true and accurate." Third-Party Defendants made similar responses. Additionally, Plaintiffs did not produce documents but offered to have them available in Attorney Weinstein's office in Woodbury, New York.

Under V.R.C.P. 26(b), parties may discover any relevant non-privileged material. V.R.C.P. 33 allows the use of interrogatories. Plaintiff's and Third-Party Defendant's answers are not acceptable responses to Defendants' and Third-Party Plaintiffs' discovery requests. Generally, Defendants' and Third-Party Plaintiffs' questions seek relevant background information about this case. Plaintiffs' and Third-Party Defendants' responses do not comply with V.R.C.P. 26. If a party objects to a discovery request, there must be a reasoned explanation for the refusal to respond as opposed to vague boilerplate.

Plaintiff's resistance to the discovery requests appears the more unreasonable as it ignored the form required by the rules of discovery. Under V.R.C.P. 33, a party that answers an interrogatory with an objection must reproduce the interrogatory before the objection. Reproducing the interrogatory assists opposing counsel and the Court in evaluating the objection. The party answering the interrogatory must also sign the interrogatories. V.R.C.P. 33.

Finally, Attorney Weinstein's insistence that opposing counsel travel to his New York office to review documents is without support. Plaintiff brought this case in Vermont Superior Court. The parties have residences in Vermont and they use Vermont counsel. Attorney Weinstein must make documents available in Vermont. Demanding that opposing counsel travel to Woodbury, New York to view documents is unreasonable.

As indicated at the outset, none of the rulings made in this entry ought to have been necessary. Collegial cooperation in avoiding disputes over discovery is required by the rules, and will be enforced by this Court. Counsel can expect any repetition of such dereliction as is

---

[1] The order indicates the parties have until August 15, 201<u>3</u>. The parties filed the order on December 31, 2013. The Court assumes this date is a typographical error and the parties intended the order to read August 15, 201<u>4</u>.

represented by the petty nature of the disputes disposed of here to be met with sanctions, including an award of attorney's fees.

## Order

The Court **GRANTS** Plaintiff's motion to extend time to serve discovery requests to accommodate the interrogatories and requests to produce which were served on Defendants beyond the initial deadline. Defendants shall respond to such requests within 15 days of this entry. The Court **GRANTS** Defendants' and Third-Party Plaintiffs' motions to compel discovery. Plaintiff and Third-Party Defendants shall make complete responses within 15 days of this entry. The Court **DENIES** Defendants' motion for a protective order Dated at Bennington, Vermont on April 3, 2014.

Electronically signed on April 07, 2014 at 03:42 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge