Deveneau v. Weilt et. al., No. 321-9-12 Bncv (Wesley, J. Apr. 10, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                                   CIVIL DIVISION
Bennington Unit                                          Docket No. 321-9-12 Bncv

---

### William Deveneau vs. Susan Weilt & Brian Toomey

---

## ENTRY REGARDING MOTION

Count 1, Personal Injury - Auto (321-9-12 Bncv)
Count 2, Personal Injury - Auto (321-9-12 Bncv)

Title:          Motion to Compel Appearance of Defendant Toomey (Motion 6)
                Motion to Extend Expert Witness Deadline (Motion 7)
                Motion to Amend Scheduling Order (Motion 8)
Filer:          William Deveneau
Attorney:       Ronald F. Wright
Filed Date:     February 19 and March 7, 2014

Response filed on 02/27/2014 and 03/14/2014 by Attorney Leo A. Bisson for Defendant Brian Toomey

**The motion to compel is DENIED and the motions to extend scheduling order are GRANTED.**

### Decision on Pending Discovery Motions

Plaintiff sues Defendants for negligence. According to the complaint, on November 7, 2009, Plaintiff was a Vermont State Trooper driving a police cruiser on Vermont Route 7A. While driving the cruiser, Plaintiff struck a horse owned by Defendant Susan Weilt. Plaintiff suffered injuries from the collision. Defendant Weilt leased the land on which she stored the horse from Defendant Brian Toomey. Plaintiff argues Defendants were negligent for not taking proper precautions to keep the horse confined. The Court now considers three discovery-related motions.

Plaintiff's Motion to Compel Appearance of Defendant Toomey

On February 19, 2014, Plaintiff filed a motion to compel Toomey's appearance in Vermont for a deposition. On February 27, 2014, Toomey opposed the motion. Toomey now lives in Florida and has refused to appear in Vermont. Toomey's opposition states he suffers from Meniere's disease, which causes him to experience vertigo and nausea when traveling by air. Toomey offered to be available by video conference for a deposition. Alternatively, Toomey seeks Plaintiff to share in his transportation costs.

Normally, a party noticing a deposition has the right to determine where the deposition occurs. *See* V.R.C.P. 30(b)(1) ("The notice shall state the time and place for taking the deposition…"). The Superior Court may order a deposition to occur by telephone. V.R.C.P.

30(b)(7). Vermont case law on allowing telephone depositions is limited. *See Chester v. Weingarten*, No. 2751005, 2011 WL 10980777 (Vt. Super. Ct. May 13, 2011) (Morris, J.) (mentioning telephone depositions).

Nevertheless, V.R.C.P. 30(b)(7) is similar to F.R.C.P. 30(b)(7). "The party opposing a telephonic deposition bears the burden of demonstrating good cause why the deposition should not be conducted by telephone." *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77 (E.D.Pa. 2005) (citing James Wm. Moore et al., *Moore's Federal Practice* § 30.24 (3d ed. 1999)). Where a party seeks deposition of an out of state party, telephonic depositions are an appropriate cost-saving measure. *See Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598 (D. Kan. 2012).

In this case, Toomey's offer to be available by telephone or video conference is reasonable. Toomey lives in Florida and suffers from a condition that makes it difficult for him to travel by air. Moreover, Toomey was the landlord of Wielt and it is unclear if he will have extensive information. A deposition by video conference substantially addresses any claim by Plaintiff as to the need to observe Toomey's demeanor. The Court will not order Toomey to appear in Bennington County for the deposition.

Plaintiff's Motion to Extend Expert Witness Deadline and Amend ADR Stipulation

On March 7, 2014, Plaintiff moved to extend the expert witness deadline. The scheduling order, dated May 8, 2013, required Plaintiffs to disclose expert witnesses by January 1, 2014. The case is set to be ready for trial by June 1, 2014. On March 14, 2014, Defendant opposed the motion. Defendant noted V.R.C.P. 16.2 allows extension only for good cause. Plaintiff responded on March 24, 2014.

The Court may extend a stipulated scheduling order "on motion and a showing of good cause." V.R.C.P. 16.2. Parties must be diligent in adhering to the scheduling order, but the Court strives to avoid injustice. *See id.* The Court has discretion in allowing deviation from a scheduling order. *See Carpenter v. Cent. Vt. Med. Ctr.*, 170 Vt. 565, 568 (1999).

In this case, the parties have been unable to agree on the deposition of Toomey. While the lack of agreement stems from Plaintiff's rigid unwillingness to stipulate to a video deposition, the Court cannot find grounds to deny the associated request to extend the scheduling order. Accordingly, the Court will grant Plaintiff's motions to extend the expert witness deadline and amend the alternative dispute resolution.

In conclusion, the parties must work together to depose Toomey by telephone or video conference by May 15, 2014. Plaintiff shall make expert disclosure by June 1. Defendant shall make expert disclosure by July 1. Depositions of experts shall be concluded by August 1. Any request for dispositive relief shall be filed by August 15. The case will be considered ready for trial by September 1, 2014

**WHEREFORE,** it is hereby **ORDERED** :
The Court **DENIES** Plaintiff's motion to compel appearance of Toomey. The Court **GRANTS** Plaintiff's motion to extend the deadline for disclosure of expert witnesses. The Court **GRANTS** Plaintiff's motion to amend ADR stipulation.

So ordered.

Electronically signed on April 09, 2014 at 04:13 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge


Notifications:
Leo A. Bisson (ERN 2369), Attorney for Defendant Brian Toomey
Michael J. Gannon (ERN 3738), Attorney for Defendant Susan Weilt
Ronald F. Wright (ERN 5341), Attorney for Plaintiff William Deveneau
Neutral Mediator/Arbitrator/Evaluator James W. Spink
Kerby John Wright (ERN N/A), Attorney for party 1 Co-Counsel