Middlesex Mut. Assurance Co. v. Eucker, No. 234-5-13 Bncv (Wesley, J. Apr. 17, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                              Docket No. 234-5-13 Bncv

---

### Middlesex Mutual Assurance Co. vs. Eucker vs. TPW

---

## ENTRY REGARDING MOTION

Count 2, Fraud or Non-Disclosure (234-5-13 Bncv)

Title:          Motion for Reconsideration of allowance of DEF (Motion 10)
                Motion for Protective Order (Motion 11)
                Motion for Enlargement of Scheduling Order (Motion 12)
Filer:          TPW Management
Attorney:       Jeffrey S. Marlin
Filed Date:     April 3, 2014

Response filed on 04/09/2014 by Attorney Amanda T. Rundle for Defendant Catherine Eucker

**The motions are DENIED, except as to enlargement of scheduling order.**

**Opinion and Orders**
**Denying TPW's Motion to Reconsider & TPW's Motion for a Protective Order, and Granting in Part TPW's and Middlesex's Motion to Extend Discovery**

Background

   Middlesex Mutual Assurance Company insured TPW Management, LLC. TPW employed Catherine Eucker. Middlesex paid TPW $23,936.89 on a claim because, allegedly, Eucker embezzled funds from TPW. Middlesex seeks to recover funds from Eucker. Eucker denies she embezzled funds and sues TPW for slander.

   Middlesex filed its complaint against Eucker on May 23, 2013. On August 8, 2013, Eucker answered the complaint, filed a third-party complaint against TPW Management, and served initial discovery requests on TPW. The discovery answers were due on September 21, 2013, but Eucker received no response until October 15, 2013. Eucker's counsel found the responses inadequate and sought to work out the disputes with TPW's counsel. TPW refused to supplement its responses.

   On December 4, 2013, the parties filed a stipulated discovery schedule. As approved by the Court, the schedule required parties to send all written discovery by March 1, 2014. The parties must complete alternative dispute resolution by May 1, 2014. The case must be ready for trial by June 1, 2014.

On December 16, 2013, TPW filed a motion to stay. TPW noted Eucker had been criminally charged for the events at issue in this case. On December 30, 2012, Eucker opposed the motion for stay. TPW declined to pursue discovery or respond to Eucker's requests pending a determination of its motion to stay.

On February 7, 2014, Eucker filed a motion to compel discovery responses. TPW opposed the motion on February 13, 2014. TPW did not address the substantive arguments raised by Eucker. Instead, TPW argued it should not have to respond to discovery requests pending determination of its motion to stay. TPW also requested time to respond to Eucker's substantive arguments if the Court denied the motion to stay.

On March 10, 2014, the Court denied the motion to stay, noting that TPW had no standing to assert Eucker's constitutional rights in support of a stay, especially when she opposed a stay. On March 24, 2014, the Court granted Eucker's motion to compel. The Court held TPW's responses inadequate because they relied on vague boilerplate that did not comply with V.R.C.P. 26(b). The Court ordered TPW to supplement its discovery requests within 20 days, which obliged TPW to respond to Eucker by April 14, 2014.

On April 3, 2014, TPW filed three related motions addressing discovery. First, TPW requested the Court reconsider its order granting Catherine Eucker's motion to compel. TPW seeks 30 days from the date of the Court's decision on this motion to supplement discovery. TPW also seeks copying costs of $0.05 per page of the documents. Second, TPW requested the Court issue a protective order that would limit Eucker's ability to disclose information discovery information about TPW's financial records. Finally, TPW and Middlesex requested extension of the discovery schedule.

On April 9, 2014, Eucker opposed all three motions. Eucker argued there is no good cause for reconsideration, a protective order, or extensions. Eucker maintains she is prejudiced by delays in discovery because the criminal case is pending. She argues that, having been denied a stay, TPW is engaged in delaying tactics aimed at impeding full consideration of the merits of this civil action until the trial of the criminal case. In response to TPW's belated concern regarding the cost to comply, Eucker stipulates to obtaining the documents, most of which are in digital format, by electronic transmission. Eucker also sought $2,100 in attorney's fees associated with the motion to compel, and an additional $1,290 for work in response to TPW's pending motions.

Discussion

*TPW's Motion to Reconsider*

TPW believes the Court should reconsider its order because Eucker seeks tens of thousands of pages of financial records and emails. TPW believes these records are confidential and reasserts its contention that many are not relevant to this case.

Parties may seek reconsideration of an order where a party shows a manifest error of fact or law in a prior ruling *See In re SP Land Co., LLC*, 2011 VT 104, ¶ 16, 190 Vt. 418; *Brislin v. Wilton*, No. 2009-236, 2010 WL 712556, *3 (Vt. Feb. 2010). However, motions to reconsider

2

are not properly brought to reargue or reframe matters already presented, or which should have been presented in connection with the earlier ruling. *See id.*

In this case, TPW fails to show any manifest error of fact or law. *See id.* Despite TPW's assertion that these records are confidential, it fails to cite to a statute, rule, or case that supports its position. If such authority exists, TPW should have made its arguments in its discovery responses, or at the latest in its response to Eucker's motion to compel. TPW must now produce these documents. As suggested by Eucker, TPW may provide electronic documents by CD, DVD, or flash drive to save on paper costs. TPW must supplement its response within five days.

TPW's actions show a pattern of delay that strongly implies a conscious strategy, as Eucker argues. The discovery rules do not allow a party to disregard court orders. Instead of responding to Eucker's requests with timely answers or objections grounded in law, TPW sent an untimely response with unsupportable refusals to answer discovery requests. After filing the motion to stay, TPW assumed the right to ignore the discovery schedule it signed only weeks earlier, which the Court had approved as a Scheduling Order. In response to the motion to compel, TPW sought to reserve its right to respond to Eucker's substantive arguments. The Court knows of no authority allowing a party to make a procedural argument on a discovery motion while reserving substantive responses for later briefing. Moreover, TPW made no further response during the two weeks after the Court denied the motion to stay until the Court granted the Eucker's motion to compel on March 24, 2014. Instead of following the Court's orders to supplement by April 14, 2014, TPW filed a meritless motion to reconsider and then asked for an additional thirty days to supplement its responses.

For the reasons explained above, Eucker is entitled to attorney's fees in connection with her motion to compel, as well as with respect to the motions resolved by this entry. *See* V.R.C.P. 37(a)(4). Eucker seeks attorney's fees for 6.45 hours of work, at $200 per hour, for a total of $1,290 as to the current motions, and $2,100 as previously documented in support of her motion to compel. The Court concludes that the request for fees is reasonable.

*TPW's Motion for a Protective Order*

TPW also seeks a protective order to prevent Eucker or her attorneys from disclosing its financial information outside of this action. The Court may issue protective orders for good cause. V.R.C.P. 26(c); *Schmitt v. Lalancette*, 2003 VT 24, ¶ 10, 175 Vt. 284. Nevertheless, TPW fails to cite any statute or case to support its contention that the financial information sought here is privileged. The Court does not find good cause to issue a protective order.

*TPW's and Middlesex's Motion to Extend the Scheduling Order*

Finally, TPW and Middlesex request the Court extend the discovery order. TPW argues it must be allowed additional time because it waited to pursue discovery pending the motion to stay. Eucker opposes the motion because the delays are the fault of TPW and she is prejudiced by her impending criminal trial. Eucker asserts TPW engaged in a practice of delay to effectively grant itself a stay on the civil proceedings while the criminal case proceeds toward trial.

The trial court has discretion in allowing amendments to scheduling orders. *See Carpenter v. Cent. Vt. Med. Ctr.*, 170 Vt. 565, 568 (1999) (mem.). As discussed in this ruling, the Court expects diligence in abiding by scheduling orders; nonetheless, the Court must use its discretion to further justice. *See* V.R.C.P. 16.2; *see Carpenter*, 170 Vt. at 568. In this case, neither party has completed discovery. The Court is thus compelled to amend the stipulated order to ensure a fair trial. Nevertheless, TPW is at fault for these delays and the Court will not grant the timeline TPW seeks. Any additional delay caused by TPW may result in further sanctions including attorney's fees.

**WHEREFORE,** it is hereby **ORDERED** : TPW's motions for reconsideration and for a protective order are **DENIED.** TPW must supplement its discovery responses no later than April 28, 2014. TPW and Middlesex's motions to extend the Scheduling Order are **GRANTED IN PART.** The parties must file all pretrial motions by August 1, 2014. All written discovery requests must be filed by May 15, 2014. All experts must be disclosed by June 1, 2014. All depositions must be completed by July 15, 2014. Alternative dispute resolution must be completed by August 1, 2014. The case must be ready for trial by September 1, 2014.

Judgment is entered against TPW and in favor of Eucker in the amount of $3,390 for attorney's fees associated with these discovery proceedings.

Electronically signed on April 16, 2014 at 03:19 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge


Notifications:
Philip C. Woodward (ERN 2854), Attorney for Plaintiff Middlesex Mutual Assurance Co.
Amanda T. Rundle (ERN 1111), Attorney for Defendant Catherine Eucker
Jeffrey S. Marlin (ERN 4174), Attorney for Defendant TPW Management