*Weinstein v. Harmon*, No. 139-3-13 Bncv (Wesley, J., July 24, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                         CIVIL DIVISION
Bennington Unit                                                 Docket No. 139-3-13 Bncv

Weinstein vs. Harmon et al

# ENTRY REGARDING MOTION

Title:          Motion In-person rule 16.2 conf to revisit pret (Motion 14)
Filer:          Maureen Harmon
Attorney:       Christopher D. Roy
Filed Date:     June 25, 2014

No response filed
**The motion is DENIED**

### Decision Denying Defendants' Motion for a Rule 16.2 Conference

Defendants request the Court schedule a status conference to discuss the discovery schedule. Defendants assert multiple attempts to workout discovery obligations and deadlines have failed. Defendants believe a status conference with the Court to discuss obligations under V.R.C.P. 16.2 would resolve many of the discovery issues in this case.

The Court set a discovery schedule, as stipulated by the parties, on December 23, 2013. The Court also issued an order on discovery motions on April 7, 2014 that discussed discovery requirements. The parties have until September 2, 2014 to complete discovery. Failure to follow the discovery schedule may result in sanctions. *See Carpenter v. Cent. Vt. Med. Ctr.*, 170 Vt. 565, 568 (1999). V.R.C.P. 16.2 does not require the Court to hold a status conference after it signed a stipulated discovery order, and in the absence of proper framing of claimed discovery disputes as contemplated by the rules of discovery.

The Court may hold a discovery conference, but the moving party must fulfill the requirements of V.R.C.P. 26(f). *See Poplaski v. Lamphere*, 152 Vt. 251, 255 (1989) (discussing the Court's ability to set a discovery conference). V.R.C.P. 26(f) requires a statement of issues, a proposed plan, proposed limits on discovery, other proposed orders, and negotiation between the attorneys to resolve their discovery disputes before approaching the Court. Defendants' motion satisfies none of these requirements. Moreover, counsel may file motions to compel disclosure if they follow V.R.C.P. 26(h) and make their arguments in particularity.

**WHEREFORE,** it is hereby **ORDERED** :
Because the parties have failed to exercise their good faith obligation to attempt to resolve disputes as to discovery without involving the Court, the Court declines to set a status or discovery conference.|

Electronically signed on July 24, 2014 at 02:28 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Lloyd J. Weinstein (ERN 6012), Attorney for Plaintiff Jennifer Weinstein
Harry R. Ryan (ERN 1833), Attorney for Defendant Tommy A. Harmon
Defendant Tommy A. Harmon, Jr. on behalf o
Christopher D. Roy (ERN 1352), Attorney for Defendant Maureen Harmon
Defendant Maureen Harmon
Christopher D. Roy (ERN 1352), Attorney for Defendant Nelson Harmon
Christopher D. Roy (ERN 1352), Attorney for Defendant Rocking Stone Farm Homeowners
Christopher D. Roy (ERN 1352), Attorney for Defendant Rocking Stone Farm
Christopher D. Roy (ERN 1352), Attorney for Defendant Jeanmarie Leonard
Christopher D. Roy (ERN 1352), Attorney for Defendant Carol Sayour
Defendant Nelson Harmon, on behalf of
Lloyd J. Weinstein (ERN 6012), Attorney for Defendant Lloyd J. Weinstein
Lloyd J. Weinstein (ERN 6012), Attorney for Defendant Weinstein Groupe, P.C., The