STATE OF VERMONT

SUPERIOR COURT
Docket No. 75-7-18 Vtec

| Burns 12 Weston Street NOV |
|---|

## ENTRY REGARDING MOTION

Title:  Motion to Strike/Dismiss Cross Motion Summary J (Motion 7)

Filer:  Charles Burns

Attorney:  Brian P. Hehir

Filed Date:  August 1, 2019

Response in Opposition filed on 08/16/2019 by Attorney Norman C. Williams
        for Appellee Sandra Wynne

**The motion is DENIED.**

Charles and Cynthia Burnes ("Burnses") are appealing a decision of the City of Burlington Development Review Board ("DRB") upholding a Notice of Violation ("NOV") issued by the City of Burlington ("City") on March 1, 2018.  The NOV alleges an unpermitted duplex use at the Burnses' property located at 12 Weston Street, Burlington, Vermont ("the Property").  A group of Neighbors filed a notice of appearance expressing support for the NOV and have been granted interested persons status ("Neighbors").[1]  The Burnses claim the City is equitably estopped from pursuing a zoning enforcement action when the City made prior references to the Property as a duplex.  In the alternative, the Burnses assert that 24 V.S.A. § 4454(a) inhibits the City from prosecuting them for their alleged zoning violation, since the statute prohibits enforcement when the unpermitted use has existed for more than fifteen years.

Presently before the Court is the Burnses' motion to strike the cross-motion for summary judgment, memorandum in support, statement of undisputed facts, and all attachments and exhibits filed by the Neighbors.  The Burnses assert that the cross motion for summary judgment and associated filings do not comply with Court's Scheduling Order and are therefore untimely.

The Vermont Rules of Civil Procedure apply to appeals before the Environmental Division of the Vermont Superior Court.  V.R.E.C.P. 5(2).  Pursuant to V.R.E.C.P. 56(b) a party may file a

---

[1] The Neighbors appearing in this appeal as Interested Persons are Michael and Caryn Long, Paul Bierman, Hamilton Davis, Kathleen Donna, Alex Friend, Greg Hancock, Kari Hancock, Susan Moakley, Matt Moore, Mary Moynihan, Candace Page, Scott Richards, Peg Boyle Single, Richard Single, and Sandra Wynne.

motion at any time prior to a deadline "set by stipulation or court order."[2]  The adverse party may file a memorandum in opposition, statement of disputed fact, and affidavits up to 30 days after the service of the motion upon that party.  Id.  The Court has discretion, after giving notice and reasonable time to respond, to arrive at a judgment independent of the motion.[3]  V.R.C.P. 56(f).  While this language gives the Court latitude to enforce the function of summary judgment, which seeks to "avoid a useless trial," the Court is limited by the strictures of scheduling orders. Sykas v. Kearns, 135 Vt. 610, 612 (1978); 6 J. Moore, Federal Practice P 56.15, at 56-391 (2d ed. 1976) (noting the purpose of summary judgment); Carpenter v. Cent. Vermont Med. Ctr., 170 Vt. 565, 568–569 (1999) (holding a trial court judge did not abuse their discretion by enforcing the scheduling order).

Pursuant to V.R.C.P. 16.2(v), a scheduling order controls the subsequent course of action and takes precedence over any rule with respect to the time for taking any action.  The Court may modify the schedule "only on motion and a showing of good cause" and "where necessary to prevent injustice." V.R.C.P. 16.29(v).  The Reporter's Notes indicate this language is necessary "because many of the rules authorizing pretrial motions allow them to be made "at any time after the . . . commencement of the action." Reporters Notes V.R.C.P. 16.2.  The Vermont Supreme Court has noted that "orders will not be modified 'simply upon request'; rather good cause must be shown why a party cannot satisfy the order despite [the party's] diligence." Carpenter, 170 Vt. at 568 (1999) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 231 (2d ed.1990)).  Thus, where a movant has made no showing that despite due diligence, they had good cause for filing late, the Court may exercise its discretion to enforce the scheduling order deadlines.  Carpenter, 170 Vt. at 568 (1999).  While the Court recognizes the dogmatic nature of scheduling deadlines, they serve the important interests of judicial efficacy and accountability.[4]  Indeed, under V.R.C.P. 16.2, the Court is encouraged to employ "reasonable control over the pace of litigation without forcing the

---

[2]  Consistent with Vermont practice, this rule allows the use of stipulated scheduling orders to regulate timing of summary judgement motions.  This language revised former V.R.C.P. 56(a) and (b), which "permit[ed] a defending party to file at any time, and limit[ed] a claimant to any time 'after the expiration of 20 days from the commencement of the action.'"  See Reporter's Notes 2012 Amendment, V.R.C.P. 56.

[3]  In arriving at an independent judgement, the Court may "grant summary judgement for a nonmovant; grant the motion on grounds not raised by a party; or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." V.R.C.P. 56(f).

[4]  The Vermont Supreme Court has recognized that "[t]here have been periods in our history when clogged dockets in our superior court meant that a litigant would wait for a trial date far longer than the same litigant would wait today."  Vermont Supreme Court Admin. Directive No. 17 v. Vermont Supreme Court, 154 Vt. 392, 402 (1990).  Moreover, this interest in efficiency is supported by the United States Court of Appeals for the Second Circuit as they noted that the " . . . fact remains that the calendars of the . . . [d]istrict court are clogged and justice is being delayed or perhaps impaired as a result.  In order to reduce this choking congestion, the district courts must be permitted to exercise their discretion in appropriate ways that will ensure justice to all who seek it.  We will not interfere with the conscientious judge who will not accept the status quo of calendar congestion." Davis v. United Fruit Co., 402 F.2d 328, 331–32 (2d Cir.1968) (footnote omitted).

litigants to meet deadlines that will make preparation and full airing of the case impossible."[5] Reporters Notes V.R.C.P. 16.2.

The Vermont Supreme Court has historically recognized that trial judges are given "broad discretion to manage their dockets." Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 20, 192 Vt. 343, 353 (2012) (holding that a trial judge had not abused their discretion in denying plaintiff's motion as untimely as plaintiff had "been aware of the need to proceed on [a set date] . . . for a long time"). Moreover, the Supreme Court has noted that "[s]cheduling orders are authorized, and are routinely used, to move cases to trial at a rate tailored to the particular case." Vermont Supreme Court Admin. Directive No. 17 v. Vermont Supreme Court, 154 Vt. 392, 402 (1990). Thus, the Court should exercise intelligent and flexible judgment over scheduling orders that consider the exigencies of each situation. Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir.1971).

The Burnses correctly indicate that the Neighbors' cross-motion for summary judgment was filed after the July 1, 2019 amended summary judgement deadline set by the April 5, 2019 Scheduling Order. As such, the Burnses move to strike the cross-motion for summary judgement and associated filings as untimely. The question before the Court is whether a cross-motion for summary judgement may be filed after the summary judgment deadline but in response to a motion for summary judgment as a responsive pleading. While we recognize the cross-motion as untimely filed, it is within this Court's discretion to allow the cross-motion for summary judgement. For the reasons stated below, we choose to do so here.

The cross-motion for summary judgement was untimely filed. The Scheduling Order filed by this Court on April 5, 2019 granted an extension of the deadline for the filing of pre-trial motions and instituted a new deadline of July 1, 2019. The Neighbors filed a cross-motion for summary judgement on July 30, 2019, 29 days after the Scheduling Order deadline. The filing was therefore untimely.

The Neighbors did not provide any showing that despite due diligence they had good cause for filing their motion late and therefore do not meet the requirements of V.R.C.P. 16.2. The Neighbors neither addressed the failure to file in their opposition to the Burnses' motion to strike nor did they take the opportunity to file a motion showing good cause and explain the failure to file despite due diligence.

Furthermore, while the Court may modify a scheduling order "where necessary to prevent injustice," the circumstances here do not rise to this level. V.R.C.P. 16.2(v). While the Neighbors argue that the purpose of summary judgment is "to avoid the time and expense of a[n unnecessary] trial," this interest alone does not allow the Court to permit cross-motions for summary judgement "where appropriate without regard to motion practice." Neighbors' Opposition to Burnses' Motion to Strike Cross Motion for Summary Judgement at 1, filed Aug. 16, 2019. Such an allowance would unduly encumber pretrial motion practice and incentivize untimely, unpredictable, and prejudicial filings.

---

[5] The Court's "management procedures should be applied impartially to all litigants, afford adequate attention to the merits of each case, and facilitate prompt determination of all cases." V.R.C.P. 16.2.

Under ordinary circumstances, V.R.C.P. 16.2(v) requires good cause be shown. However, there still exists broad judicial discretion to manage dockets and scheduling orders. Vermont Supreme Court Admin. Directive No. 17, 154 Vt. at 402. This discretion is assessed on a case-by-case basis that considers the exigencies of each situation.[6] In this case, the Court will, for its own convenience and in its discretion, consider the Neighbors' cross motion, because the legal issues presented are clear and resolution of the cross-motion will narrow the issues that the Court will have to consider at trial.[7] Hahnel v. United States, 782 F. Supp. 2d 20, 31 (W.D.N.Y. 2011)(citing Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir.2003). The Court further observes that Appellants will not be unduly prejudiced by this ruling.[8] As a consequence, this Court will allow the cross-motion for summary judgment by the Neighbors. We explain below why this particular case warrants an exercise of discretion in allowing the cross-motion to be considered.

Pursuant to V.R.C.P. 56(f), the Court may exercise its own judgment independent of a motion. Under this authority, this Court would normally have to give notice and a reasonable time of 10 days from the filing of this Order for the Burnses to respond. Here, the Neighbors' cross-motion for summary judgment and associated filings sufficiently present the opposing arguments in support of an opposite summary judgment ruling.

For all these reasons, we **DENY** The pending motion to strike. Appellants are afforded an opportunity to file a memorandum in opposition to the summary judgment that neighbors seek by their cross-motion. The Burns shall have until **Monday, November 11, 2019** to file any opposition memorandum.

**So Ordered.**

Electronically signed on October 25, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[6] In assessing this case, the Court considers the prejudicial effects of an untimely filing, interests in judicial efficiency, the purpose of summary judgement, the preceding history of the case, and the legal issues raised in the cross motion for summary judgement.

[7] The nature and purpose of summary judgment, which seeks to avoid an unnecessary trial where there are no material facts in dispute, would serve the interests of judicial efficacy in resolving a dispute prior to trial.

[8] This Court recognizes prejudice may occur when a party is permitted to file a cross-motion for summary judgment late where the opposing party purposefully employed a strategy to file a motion for summary judgement on the last date of a deadline with the intent to deprive the opposing party of the benefit of addressing the particular issues raised in a subsequent affirmative motion. However, a cross-motion for summary judgment allows for responsive pleading, which would aid in negating the prejudicial effect felt by the opposing party. Moreover, in this particular case, the parties involved, the property that is the subject of this dispute, and the basis of the legal questions presently on appeal are the subject of a prior dispute. See In re Burns Two-Unit Residential Building, 2016 VT 63, 202 Vt. 234 (2016). Accordingly, the parties have a high degree of familiarity with the facts and legal issues involved.

Notifications:

Brian P. Hehir (ERN 4252) Attorneys for Appellant Charles and Cynthia Burns.

Norman C. Williams (ERN 2739) and Celeste E. Laramie (ERN 8852), Attorneys for Appellees Michael & Caryn Long, Paul Bierman, Hamilton Davis, Kathleen Donna, Alex Friend, Greg and Kari Hancock, Susan Moakley, Matt Moore, Mary Moynihan, Candace Page, Scott Richards, Peg Boyle and Richard Single, and Sandra Wynne.

Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington.