STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 69-6-19 Vtec

| Zlotoff Foundation Inc. NOV (2) |
| --- |

# ENTRY REGARDING MOTION

Count 1, Municipal DRB Notice of Violation (69-6-19 Vtec)

Title:          Motion to Strike (Motion 4)

Filer:          Zlotoff Foundation, Inc.

Attorney:       Brian P. Monaghan

Filed Date:     February 4, 2020

Response in opposition filed on 02/14/2020 by Attorney William Andrew MacIlwaine for the
        Town of South Hero

**The motion is DENIED.**

Appellant Zlotoff Foundation, Inc. ("Appellant" or "Foundation") appeals a decision of the Town of South Hero Development Review Board ("DRB") denying its appeal from two municipal Notices of Violation ("NOVs") issued to the Foundation by the Town of South Hero ("Town") Zoning Administrator.  The Foundation filed a motion for summary judgment on November 20, 2019, and the Town filed a cross-motion for summary judgment on January 20, 2020.  Presently before the Court is the Foundation's motion to strike the Town's cross-motion for summary judgment as untimely.

We conclude that the motion was timely filed, and in any event, there is no prejudice to the Foundation arising from the timing of the Town's cross-motion.  After conferring with the parties at a status conference on August 26, 2019, the Court set a deadline of October 28, 2019 for dispositive motions.  The Foundation sought and received consent from the Town's counsel to extend the deadline, and on October 18, 2019, the parties filed a stipulated motion requesting an extension.  The Court granted the stipulated motion and issued a Scheduling Order on October 24, 2019 ("Scheduling Order"), stating: "Motions shall be filed by November 20, 2019, with responses under the Rules."  In re Zlotoff Found., Inc. NOV (2), No. 69-6-19 Vtec (Vt. Super. Ct. Envtl. Div. Oct. 24, 2019) (Durkin, J.).

The Foundation filed its motion for summary judgment on November 20, 2019, in accordance with the Scheduling Order.  Thereafter, the Town sought and received consent from the Foundation's counsel for an extension to January 20, 2020, to file a response.  The Town

notified the Court of this extension on December 10, 2019.  The Town then filed its response to the summary judgment motion, together with its cross-motion for summary judgment, on January 20, 2020.  The Foundation notes that the filing deadline for dispositive motions, per the Scheduling Order, was November 20, 2020.  Therefore, the Foundation asserts that the Town's cross-motion was untimely.

The Vermont Rules of Civil Procedure apply to appeals before the Environmental Division.  V.R.E.C.P. 5(2).  Pursuant to V.R.E.C.P. 56(b), a party may file a summary judgment motion at any time prior to a deadline "set by stipulation or court order."  Pursuant to V.R.C.P. 16.2(v), a scheduling order controls the subsequent course of action and takes precedence over any rule with respect to the time for taking any action.  The Court may modify the schedule "only on motion and a showing of good cause" and "where necessary to prevent injustice." V.R.C.P. 16.2(v).  Thus, where a movant has made no showing that despite due diligence, they had good cause for filing late, the Court may exercise its discretion to enforce the scheduling order deadlines.  *See* Carpenter v. Cent. Vermont Med. Ctr., 170 Vt. 565, 568–569 (1999) (citations omitted) (holding a trial court judge did not abuse their discretion by enforcing the scheduling order).

The Vermont Supreme Court has historically recognized that trial judges are given "broad discretion to manage their dockets." Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 20, 192 Vt. 343 (2012) (holding that a trial judge had not abused their discretion in denying plaintiff's motion as untimely as plaintiff had "been aware of the need to proceed on [a set date] . . . for a long time").  Moreover, the Supreme Court has noted that "[s]cheduling orders are authorized, and are routinely used, to move cases to trial at a rate tailored to the particular case." Vermont Supreme Court Admin. Directive No. 17 v. Vermont Supreme Court, 154 Vt. 392, 402 (1990).  Thus, the Court should exercise intelligent and flexible judgment over scheduling orders that consider the exigencies of each situation.  *See* Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir. 1971).

The Foundation is correct that our October 24, 2019 Scheduling Order established an extended deadline of November 20, 2019, and that the Town's cross-motion was not filed until January 20, 2020.  However, the Foundation overlooks two key factors here.

First, the initial deadline for dispositive motions and the subsequent Scheduling Order extending that deadline did not encompass the full understanding between the Court and the parties.  The Town has provided a transcript of the status conference on August 26, 2019, which reflects an agreement by all present that either party may respond to a motion for summary judgment no later than 30 days after the deadline, and the response may include a cross-motion for summary judgment.  The Court specifically discussed the possibility that the Town may file a cross-motion in response to a motion for summary judgment from the Foundation.  The Scheduling Order extending the initial deadline did not alter this underlying agreement: The Foundation filed a motion for summary judgment on the extended deadline of November 20, and the Town was entitled to file a cross-motion in response by December 20.

Second, the Town contacted the Foundation requesting an extension to January 20, 2020 to file its response.  The Foundation agreed, and the Court received notice of the extension.  The Town then filed its response and cross-motion for summary judgment on January 20.  To the

extent the Foundation implies that its consent to the extension did not contemplate the possibility of a cross-motion from the Town, we cannot credit that suggestion. The discussion between the Court and the parties at the status conference put the Foundation on notice that the Town was considering a cross-motion as part of its response.

The Foundation cites our decision in Burns 12 Weston Street NOV for the proposition that we should adhere to the motion deadline set in the Scheduling Order. *See* Burns 12 Weston Street NOV, No. 75-7-18 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Oct. 25, 2019) (Durkin, J.) (considering a cross-motion for summary judgment that was filed after the deadline set by scheduling order). In that case, the appellant filed a motion for summary judgment by the deadline, and a group of neighbors filed a cross-motion in response. Id. at 1, 3. Though the Court held that the cross-motion was untimely, it exercised its discretion to consider the filing. Id. at 3–4.

We conclude that Burns is inapposite to the present case. Here, in contrast to Burns, there was an understanding between the Court and the parties that a cross-motion for summary judgment could be filed after the motion deadline and in response to another party's motion. *See* id. at 3. And here, the time for filing such a response was modified by agreement of the parties. Thus, in the appeal now before us, the Town's cross-motion for summary judgment was timely filed.

Even assuming that the Town's filing could be considered untimely, we discern no prejudice to the Foundation. The Foundation has been on notice since August 26, 2019 that the Town would consider responding to any motion for summary judgment with a cross-motion. The Foundation did file a motion for summary judgment, and it agreed to extend the time for the Town to respond. The Foundation had ample opportunity to address the Town's cross-motion, and it has done so. Furthermore, the issues overlap considerably with those raised in the Foundation's own motion and the Town's other responsive filings. In short, there are no surprises for the Foundation here.

For the foregoing reasons, we conclude that the Town's cross-motion for summary judgment is timely, and we **DENY** the Foundation's motion to strike. We decline to address the Town's request for reimbursement of fees and costs, because the Town cited no authority and did not develop its argument.

**So Ordered.**

Electronically signed on July 27, 2020 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Brian P. Monaghan (ERN 1186) and James F. Conway, III (ERN 8706), Attorneys
     for Appellant Zlotoff Foundation, Inc.

William Andrew MacIlwaine (ERN 3436), Attorney for the Town of South Hero

Brian P. Monaghan (ERN 1186), Attorney for Petitioner to Intervene AIR Development, Inc.